## CRANE vs. MAYNARD.

Notwithstanding the enlargement of the time for the performance of a sealed contract as to the doing of work, an action may be brought upon the contract after the expiration of the enlarged time, if the breaches assigned go only to the *manner* in which the work is done, and not to the failure in the *time* of performance.

If a plaintiff in such a case assigns as a breach that the defendant has not performed within the *time* limited by the original contract, the defendant may avail himself of the second agreement, as evidence of an enlargement of the time, and defeat a recovery.

THIS was an action of *covenant*, tried at the Onondaga circircuit in *October*, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff declared on a contract under seal, entered into between him and the defendant on the first day of *April*, 1830, whereby the defendant agreed to *sell*, and by a good warranty deed convey unto the plaintiff a lot in the village of Salina; and *to erect thereon a dwelling house* and other buildings, finishing the same in a manner particularly specified in the contract, and *to deliver* to the plaintiff *the deed* of the lot

on the completion of the buildings, which he covenanted should be completed *in the month of July* next after the date of the agreement; the plaintiff on his part engaging to pay the defendant $2050, of which $500 were to be paid on the delivery of the deed, and the residue in three annual instalments, to be secured by the bond of the plaintiff, and a mortgage of the lot to be conveyed by the defendant, to be executed on the delivery of the deed. The plaintiff assigned several breaches, all going to the *manner* in which the buildings were finished, alleging that the work had not been done conformably to the contract. There was no complaint in the declaration that the work was not done *within the time* stipulated; but only that it was not well done. The defendant pleaded *non est factum*, and a special plea that on the 20th day of *December*, 1830, he executed a deed of the lot specified in the contract to the plaintiff, which was delivered to and *accepted by the plaintiff*; and that afterwards, on the same day, he, by a writing obligatory, sealed with his seal, covenanted with the plaintiff that he would complete the erections and perform whatever was to be done on his part, as stated in the original agreement, *on or before the first day of May*, next after the date of such writing obligatory entered into on the 20th December, 1830, which was delivered to and *accepted by the plaintiff in full satisfaction* and discharge of the covenants contained in the original agreement; *concluding* with a verification and prayer of judgment. To the special plea, the plaintiff replied that the writing obligatory of the 20th December, 1830, was *not received and accepted by him in satisfaction* and discharge of the covenants contained in the original contract. On these pleadings the parties went to trial, and the plaintiff proved the execution as well of the *second* as of the *first* agreement. The second agreement was at the foot of the first, in these words: " The deed, bond and mortgage and payments referred to in the within agreement have this day been made, executed and exchanged between the parties; and I hereby covenant to complete the erections and to perform whatever is to be done on my part, as stated in said agreement, on or before the first day of May next. The extra work mentioned in said

UTICA, July, 1834.

Crane
v.
Maynard.

agreement, is to be settled hereafter by said Crane, with Benjamin. Dated December 20, 1830, (signed) John Maynard, L. S." The plaintiff offered to give evidence in support of the breaches assigned in his declaration, to which the defendant objected, on the ground that the action should have been brought on the second agreement, which it was insisted superseded the first. The objection was overruled, and the plaintiff proceeded with his evidence. When he rested, the defendant again raised the same objection to the action, to wit, that it should have been brought upon the second agreement, in the shape of a motion for a nonsuit, which was again overruled. The defendant then proved that on the 20th December, 1830, the parties were together, having the deed, bond and mortgage signed, but not exchanged. The plaintiff complained that the contract had not been performed by the defendant. The defendant proposed to keep the property; but the plaintiff said he was already in possession of the house, that he did not wish to give up the contract, and if the deed could be delivered, he would give the defendant until spring to finish what he had undertaken to do. At the suggestion of counsel, that the exchange of papers might destroy the first agreement, the agreement of the 20th December, 1830, was drawn and executed. Testimony was then adduced by the defendant on the subject of the breaches set forth in the declaration; and the evidence having closed, the judge submitted to the jury the question whether the second agreement was accepted in satisfaction of the first, and instructed them that if they should find that it was so accepted, then that the plaintiff was not entitled to recover; but if otherwise, then that it was no bar to the action unless it had been shown to have been performed. The jury found a verdict for the plaintiff, with $200 damages. The defendant moved for a new trial.

*C. P. Kirkland,* for the defendant.

*B. Davis Noxon,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The judge was correct in the decisions made by him. The *second agreement,* as it is called, was nothing more than evidence of an extension of the time of performance of the original agreement. It purports to be no more upon the face of it; and it is shown by the testimony of the witness who drew it, that such was the intent and understanding of the parties in relation to it.

By the original contract, the defendant was to convey the premises to the plaintiff, and he was to give his bond and mortgage when the work was completed; which was to have been in the month of July, 1830. In December, 1830, the plaintiff became anxious to obtain the title, although the work was not entirely finished. The deed and mortgage were accordingly given, and the witness present upon the occasion states that he advised the parties, that as those instruments were to be given upon the completion of the job, the giving of them might be evidence of that fact; and to guard against such a consequence, advised the giving of what is called the second agreement, which is signed only by the defendant, and is simply a promise on his part to complete the work according to the original agreement by a given day. It was in no sense a substitution for the original contract; it was simply an admission on the part of the defendant that that contract was not performed. The promise to perform it at a future day was of no legal effect, except as evidence of an extension of the time by the plaintiff; and such was the actual understanding and intention of the parties. The judge, however, submitted it as a question of fact to the jury, whether the second agreement was accepted by the plaintiff in satisfaction of the first. This was the issue between the parties in relation to the second agreement. The jury properly found it in favor of the plaintiff.

It was not necessary for the plaintiff in declaring to notice this second instrument: it was no part of his complaint that the defendant had not performed *in time.* No breach of that kind was assigned. The action was not brought until after the expiration of the enlarged time. The defendant could not have sustained an action on the original covenant, against the plaintiff for the consideration money, if that had not been

UTICA,
July, 1834.

Crane
v.
Maynard.

UTICA,
July, 1834.

Crane
v.
Maynard.

paid; not having performed in time, he could not aver performance; and without such averment, he could not recover in covenant. His remedy would have been in assumpsit, for work and labor, &c., and the second instrument would have been evidence of the plaintiff's agreement to accept performance at the extended time. *Jewell* v. *Schroeppel*, 4 Cowen, 566. *Langworthy* v. *Smith*, 2 Wendell, 590, and the cases there cited. So, if the plaintiff had in this action assigned as a breach that the defendant had not performed within the time limited as the original contract, the defendant could have availed himself of the second instrument as evidence of an enlargement of the time. *Langworthy* v. *Smith*, 2 Wendell, 291, and *Henry* v. *Gilbert*, 3 Johns. R. 528.

If the plea is to be considered as setting up the second agreement by way of accord and satisfaction of the first, then it is disposed of by the verdict of the jury, which finds that it was not accepted by the plaintiff; which is indispensable to its validity. *Russell* v. *Lytle*, 6 Wendell, 390.

Upon the question of damages, the testimony was very contradictory. The witnesses differed very much in their opinions of the quality of the work; it was a fair case for the discretion of the jury, in view of all the circumstances of the case, and their verdict ought not to be disturbed.

New trial denied.