By the COURT.
Duer, J.
We are of opinion, and clearly so, that all the exceptions taken on the trial were properly overruled, and that the judgment that has been rendered for the plaintiff must be affirmed.
As to the objection that Ritchie was improperly admitted as a witness, we might content ourselves with saying that the objection was not placed upon the trial upon the ground that is now relied on, namely, that notice of the intention to examine him had not been given; for had this ground then been taken, we have no right to say that it would not have been removed by proof of the actual service of notice. But assuming that notice of the intended examination of Ritchie was not in fact given, the conclusive answer to the objection is, that none was necessary, and that the contrary supposition, as we have before and not un-frequently held, is founded upon a mistaken construction of those provisions of the Code which relate to the subject. As we read and understand section 399 of the Code, the clause which requires ten days’ notice of the intended examination of an assignor to be given, is connected with and refers solely to that which immediately precedes it; hence, is not applicable at all when *291 the action is brought by an assignee against a defendant who was himself a party to the contract upon which the action is founded.
The next objection that we shall notice, that upon the facts proved, or admitted by Ritchie, the Judge ought to have held the assignment by the plaintiff to be void, is also and plainly untenable. Ritchie, it is true, frankly confessed that he made the assignment for the purpose of making himself a witness, but this, since the repeal of the provision in section 899, which forbade an assignment for that purpose, or, more properly, rendered the assignor in such a case an incompetent witness, he had a perfect right to do, and to confer this right must have been the intention of the Legislature in repealing the provision. As the Code now stands, the only question is, whether the assignment operated to pass to the assignee the title to the demand in suit, and if this is a question, as appears to have been assumed on the trial, depending upon the good faith of the parties, it was properly submitted to the determination of the jury, and their decision of it in favor of the plaintiff, which their verdict involves, must be regarded by us as conclusive. The Judge would certainly have erred, if, upon the evidence before him, he had himself made an opposite decision. Speaking individually, I strongly incline to the opinion, that the Judge, instead of submitting the question to the jury, ought himself to have determined that the assignment was valid, and the assignor a competent witness. When an assignment has been duly executed and delivered, and, by its terms, vests the legal title in the assignee, it is valid as between the parties, whatever may have been their motives or intentions in making it, and I apprehend, that evidence of an agreement or understanding between them that it should not operate at all, but that the judgment, if recovered, and its fruits, should belong wholly to the assignor, could not be held to divest the title which, by the execution and delivery of the instrument, the assignee acquired. Proof of such an agreement would go very far to impeach the credit of the assignor as a witness; but, as it seems to me, that it would not in judgment of law render him the real party in interest, it would not render him incompetent. And such, in the case of Davison v. Miner, (9 How. Pr. R., 524,) appear to have been the views of a learned Judge, whose opinions I have long been *292 accustomed to think carry with them a far more than ordinary, weight and authority.
Another objection to the plaintiff’s recovery, which was strongly pressed 'by the defendant, is, that evidence tending to show that the time for the completion of the engravings ■ according to Ritchie’s agreement, had been extended, or the objections to his delay in performance waived by the defendants, ought not to have been received, since the effect of the evidence was to modify and vary the written agreement set forth in the answer, and proved upon the trial, contrary to the rule of law which forbids any subsequent alteration of such an agreement except by some other agreement or instrument of equal authority; that is, an agreement or instrument in writing.
This objection, at first view, seems to be plausible, yet, unless we refuse to follow an unbroken series of decisions, we are bound to say that the rule of law on which the defendant relies, although undeniable when properly understood, has no application to the case before us. It is not a case within» its provisions, although it may seem to be embraced within its terms.
Ño rule of evidence, we apprehend, is more clearly and certainly settled, than that in an action upon a written contract for work and labor stipulated to be performed within a definite time, an extension of the time, or an entire waiver of objections to a delay in performance, may be shown by parol evidence of the declarations, or acts in pais, of the party, who at the time was entitled to claim the performance. I have stated that this rule is established by a long series of decisions, but, without citing the English cases, I shall content myself with referring to some in our own Reports; and I add, that it seems to me that the rule, as I have stated it, is, in reality, only a special application of one far more general, namely, that the performance of a condition the breach of which would otherwise create a forfeiture, or bar a recovery, may, in all cases, be dispensed with by the party to whom the performance is due; of which the waiver, by an acceptance of rent in ar-rear, of a right to re-enter for the non-payment of the rent on the day stipulated in the lease, is a striking instance. (Keating v. Price, 1 John. Ca. 22; Fleming v. Gilbert, 3 John. R., 528; Gorte v. Gorte, 10 John. 402; Botsford v. Burr, 2 John, Ch. R., 405; *293 Crane v. Maynard, 12 Wend. 408; Betts y. Perine, 18 Wend. 219; Smith v. Grogerty, 4 Barb. 616.)
looking at the evidence in this case, it would seem, according to the testimony of Ritchie, that not only the defendant dispensed with a performance of the agreement within the time limited, but himself prevented its performance by his failure to furnish in due season the lettering necessary to be engraved on the plates; but as this question seems not to have been submitted to the jury, it cannot be said that their verdict involves its decision, and we have certainly no right to decide it ourselves. The question, however, of an extension of the time limited for the completion of the plates was distinctly submitted to the jury, and upon this, as well as upon that of the good faith of the assignment, their verdict is conclusive.
A single exception, and it is the last, remains to be noticed, and although it is that on which the defendant seemed mainly to rely, it will not be found to require many observations.
There is no reply, it is said, to the allegations in the answer of new matter constituting a counter claim, and these allegations are therefore admitted to be true, and as the counter claim is for a sum equal in amount to that demanded by the complaint, the admission of its truth, it is urged, necessarily operated to extinguish the demand.
The Judge, therefore, erred in refusing, upon this ground to dismiss the complaint.
Now, it is quite true, that when there is no reply to an allegation, which is a counter claim in the proper sense of the term, the justice of the claim is admitted, but it is equally certain that when the allegation is a defence, only, and not a counter claim, a reply is unnecessary, and the burden of proving it rests upon the defendant. Hence the objection so confidently relied on is manifestly groundless, if the allegations of new matter in the answer amount to a defence, and no more than a defence, and the supposition that they constitute a counter claim is founded on an entire misapprehension of the meaning or proper application of the term. And such exactly is the case before us. A counter claim has been very justly defined to be a cause of action existing against the plaintiff on the record, and for which a separate action at law or in equity could be maintained against *294 him. (Gleason v. Moon, 2 Duer, 642.) It follows from tMs definition, that when the action is brought by an assignee, an allegation in the answer of a demand, that from its nature could only be enforced in an action against the assignor, although from the facts set forth it may possibly be good as a defence, as a counter claim is irrelevant and senseless. What, then, is the new matter alleged in the present answer? It is that Ritchie failed to perform his agreement, and that from his non-performance the defendant has sustaned damages to the amount of $200, for which a judgment is demanded. The failure of Ritchie to perform his agreement was a good defence, which as such required no reply, and which the defendant was bound to prove, and which had he proved to the satisfaction of the jury, he would have obtained their verdict. He has had all the benefit of it as a defence to which he was entitled; but the claim for damages as resulting to the defendant from Ritchie’s breach of his agreement, is a demand that from its nature could only be enforced in an action against Ritchie himself, and for which it is certain that the plaintiff on the record could never be made liable. In brief, a counter claim is a substitute for an action, or, more properly, is itself an action commenced by arf answer instead of a summons; and, hence, unless as an action it is maintainable against the plaintiff on the record, it is nugatory.
The allegation that under § 112 of the Code the assignee of a demand takes it subject to every defence that existed at the time of the judgment is undeniably true, but is wholly inapplicable. A counter claim, which is not also a set-off, is not'a defence. It is a distinct and independent-cause of action, which is not used simply to repel the claims of the plaintiff, but for which a judgment against him is, in all events, demanded.* Previous to the Code it could not be set up by a defendant at all, and the permission to set it up in an answer, although with a change of its name, assuredly has not changed its legal character. A recoupement or a set-off is a defence; but the defendant who avails himself of such a defence admits, in whole or in *295 part, &e demand of the plaintiff as alleged in the complaint. In the case before ns — the counter claim, as it is called, which is alleged in the answer, is a positive denial that the cause of action set forth in the complaint ever existed — and is, therefore, neither a recoupement, nor a set-off. It is true, that had the facts, upon which it exists, been established by the evidence, the recovery of the plaintiff would have been wholly defeated; but it is equally certain that in no event could a verdict or judgment have been rendered against the plaintiff for damages for which, if sustained at all, his assignor Ritchie alone was hable. It follows that there is no counter claim in the answer to which the plaintiff was bound to reply.
The judgment appealed from must be affirmed with costs.

 It is for this reason that the plaintiff in an action in -which a counter claim has been interposed, is not permitted to discontinue -without leave of the court. (Cockle v. Underwood, 3 Duer, 676.)