## SUPREME COURT.

### JOHN SMITH and others vs. HOMER CASWELL.

A *case* cannot be turned into a *bill of exceptions* or *special verdict*, after judgment of the Supreme Court upon it, without a stipulation to that effect at the trial, or its being made a part of the order or entry of the verdict.

So held, where the verdict was taken subject to the opinion of the court upon a case to be made, and judgment for defendant ordered thereon at the general term; no such stipulation or reservation having been made at the trial.

*Oneida Special Term, February,* 1850.

G. B. JUDD, *for plaintiff.*

F. KERNAN, *for defendant.*

GRIDLEY, Justice.—This cause was tried at a circuit held in Herkimer county; and on the trial, a verdict was taken subject to the opinion of the court on a case to be made. The court having at the last general term ordered judgment for the defendant, the plaintiff now moves for leave to

turn the case into a bill of exceptions, for the purpose of reviewing the judgment of the Supreme Court in the Court of Appeals.

It appears that no stipulation was entered into by the parties that this right should be reserved; nor did it make a part of the order or entry of the verdict. The question, therefore, is, whether the court, in such a case, has the power to order this to be done against the will of the prevailing party.

The mode of disposing of the cause at the circuit by a verdict subject to the opinion of the court, was adopted by the consent of the parties; and had either party desired to retain the right now claimed, it would have been made a part of the order or entry of the verdict; but no such request having been made, it must be taken that both parties consented that the Supreme Court should dispose both of the question of law and fact. It is said, that in preparing the case, the plaintiff's attorney proposed to have the case signed and sealed by the judge. That may be; but the idea of signing and sealing a *case* was not in accordance with any existing practice, and, therefore, the case was settled in the ordinary manner.

The cases are uniform that the court has no power to grant the relief sought under circumstances like the present. In *Woolsey* v. *Camp*, (3 Cowen, 358,) it was held that a case could not be turned into a *special verdict* without a stipulation to that effect at the trial. In *Stewart* v. *Hawley*, (22 Wendell, 561,) the court decided that where exceptions were actually taken on the trial and inserted in a case, without a stipulation, it was too late to ask to turn the case into a bill of exceptions after judgment of the Supreme Court. The learned Judge who delivered the opinion of the court, after saying that he had felt a desire to relieve the plaintiff if possible, closes an elaborate opinion in these words: "*I am satisfied, however, for the reasons mentioned, that I cannot put the cause in its way to that court, (Court of Errors,) consistently with either the statute or the principles of sound practice.*" In *Masters* v. *Bailey*, (1 Howard's Sp. T. Rep. p. 42,) this question was again decided in the same manner, even where the party was mistaken in his opinion of his rights, and had proceeded on the supposition that he would have the right, as a matter of course, to turn the case into a bill. The court, however, held the rule to be inexorable, and denied the motion.

I am, therefore, bound, by the authority of these cases, to deny this motion. To depart from these decisions, would be to bend the law to meet the exigency of a particular case.

The result is, that the motion must be denied with costs.