## SUPREME COURT.

### REES agt. VAN PATTEN.

The fact that a defendant has set up, in his answer, a *counter-claim*, is not of itself sufficient to prevent the plaintiff from discontinuing his action at any time before judgment, on payment of costs, where the plaintiff has replied or demurred to the counter-claim. (*This seems to be adverse to the case of Cockle* agt. *Underwood, 3 Duer,* 676, *and agrees with the case of S. & R. R.R. Co.* agt. *Ward,* 18 *Barb.* 595.)

Where a defendant, by the plaintiff's discontinuance, would lose his remedy on his counter-claim—as a running of the statute of limitations, &c., the court, under its general power, would refuse the discontinuance.

But there is no more reason to deny to the plaintiff since the Code, the right to discontinue, where the defendant has set up a counter-claim, than there was previous to the Code, in the case of a plea or notice of a set-off.

*Schenectady Special Term, Sept.,* 1856.

MOTION of plaintiff to discontinue his action on payment of costs.

   PLATT POTTER, *for motion.*
   S. H. JOHNSON, *for defendant.*

PAIGE, Justice. An answer has been put in, in this action, and the action has been referred; and the trial has been commenced before the referee, but has not been concluded.

The plaintiff moves to discontinue on the ground that he has

Rees agt. Van Patten.

been attacked by a dangerous disease, which incapacitates him from attending to business; and that he is, for this reason, desirous of closing up his business affairs.

The defendant objects to the discontinuance on the ground that his answer sets up a counter-claim. The plaintiff has replied, denying the counter-claim.

On the hearing of the motion, I was referred, on the part of the defendant, to the case in the superior court of New-York, of *Cockle* agt. *Underwood*, (3 *Duer*, 676.) In that case, where a counter-claim had been set up in the answer, the court decided that in such cases leave will be refused to the plaintiff to discontinue, and thus prevent the defendant from obtaining a judgment upon his counter-claim, unless special grounds are stated to the court showing that a discontinuance of the action is proper to prevent a plaintiff from being inequitably prejudiced in his rights or remedies, and which at the same time will not work any practical wrong to the defendant.

The rule, in relation to the discontinuance of an action by the plaintiff, was differently laid down by the general term of the supreme court of the first district, in the case of the *S. & R. R.R. Co.* agt. *Ward*, (18 *Barb*. 595.) In that case, it seems to be conceded, on a full examination of the question, that the established right of the plaintiff to discontinue his suit or action prior to a judgment or decree, which existed previous to the Code, was not taken away by the latter, only in cases where the plaintiff failed to reply or demur to a counter-claim, or to appear at the trial.

I think the latter decision is most in accordance with the true construction of the Code. There is no more reason to deny to the plaintiff, since the Code, the right to discontinue his action, where the defendant has set up a counter-claim, than there was previous to the Code, in the case of a plea or notice of a set-off.

Undoubtedly leave to the plaintiff to discontinue should be refused, under the general power of the court, where the defendant, by a discontinuance, would lose his remedy on his counter-claim; as where such remedy would be barred by the statute of limitations.

In the present case a discontinuance will not deprive the defendant of any substantial right, or work any practical wrong to him. I shall, therefore, direct that an order be entered giving the plaintiff leave to discontinue his action, on his payment to the defendant of his costs and disbursements, to be adjusted by the clerk, and $5 for opposing this motion.