# CROCKETT a. SMITH.

*Supreme Court, First District; At Chambers, July,* 1860.

## DISCONTINUANCE ON PAYMENT OF COSTS.

A discontinuance is a final determination of the rights of the parties in an action, within the meaning of section 245 of the Code.

The defendant, after being arrested and held to bail, moved to vacate the order of arrest; but before the motion was heard or the complaint served, the plaintiff obtained an *ex-parte* order discontinuing the action on payment of costs, and tendered the costs which are allowed before notice of trial; and defendant claimed costs of the motion to vacate the order of arrest, and moved for leave to enter judgment of discontinuance. *Held,* that defendant might enter judgment of discontinuance, unless plaintiff consented to withdraw the order of discontinuance, and to bring the motion to vacate the order of arrest to a hearing; but that on this motion the court could not determine his right to claim the costs of that motion.

Motion for leave to enter judgment of discontinuance.

This was an action to recover $500 for merchandise sold to the defendant. An order of arrest was issued on the ground of fraud in contracting the debt. The facts upon which the motion was based are sufficiently stated in the opinion.

*Charles H. Smith,* for the motion.

*A. P. Whitehead,* opposed.

LEONARD, J.—The defendant was arrested, and held to bail. The complaint has not been served. The defendant served affidavits and notice of motion to vacate the order of arrest.

While the motion was pending, but before it was heard, the plaintiffs obtained an *ex-parte* order discontinuing the action on payment of costs.

The plaintiffs' attorney tendered to the defendant's attorney the amount of costs provided by the Code to be paid before notice. The defendant claims the costs of the motion noticed by him to vacate the order of arrest, and moves for leave to enter judgment of discontinuance.

Crockett *a.* Smith.

It is usual to allow the plaintiff in an action to discontinue, on payment of costs. That is the general practice. There are exceptions, however. It is refused where the defendant will sustain an irreparable injury, as in a case where he has interposed a counter-claim which would be barred by the Statute of Limitations, if the defendant were obliged to commence a new action. (Rees *a.* Van Patten, 13 *How. Pr.*, 258; Van Allen *a.* Schermerhorn, 14 *Ib.*, 287.) In this case the only injury would be the loss of the defendant's remedy on the undertaking given by the plaintiffs on obtaining the order of arrest.

The condition of the undertaking is, that if the defendant recover judgment, the plaintiffs will pay all costs awarded to and damages sustained by the defendant by reason of the arrest. If no judgment be recovered by the defendant, of course he can maintain no action on the undertaking.

The discontinuance admits the arrest to be wrongful, *prima facie;* at least that is the fair inference. The defendant may have sustained damages by reason of the arrest. It would be wrong to deprive him of the benefit of that which the law has provided for his protection.

The plaintiffs' counsel, however, urge that there is a defect in the Code, in failing to provide for any such judgment. He refers to the section defining a judgment. Section 245 states a judgment to be the final determination of the rights of the parties in the action. A discontinuance is, as I conceive, such a determination. The parties have no rights in the action to be determined after discontinuance, although, it is true, the rights of the parties have not been adjudicated. I do not think this section prevents the entry of such a judgment.

The question of the allowance of the costs of the motion to vacate the order of arrest, is not now properly before me. The court can only adjudicate that question upon an application after adjustment by the clerk.

I am willing to express it as my opinion that the clerk cannot allow them, unless costs are awarded in the order on the decision of the motion. The court cannot *direct* as to the costs of that motion in this.

It has been held, however, that a motion cannot be countermanded by the party who has given it, so as to deprive the opposite party of the right of attending and having the motion

dismissed with costs (Bates *a.* Jaines, 1 *Duer*, 668), in which decision all the judges concurred.

Under the order which I propose to make, the motion to vacate the order of arrest, unless heretofore disposed of, may perhaps still be brought on by the defendant, and the question of costs can be determined in the order then to be made.

The judge who granted the order of discontinuance could not have had the questions raised on this motion brought to his notice, inasmuch as that order was granted *ex parte*, on the plaintiffs' application.

The defendant has leave to enter judgment of discontinuance on the order heretofore granted, unless the plaintiffs prefer to consent to have that order vacated, and the motion to vacate the order of arrest brought to a hearing, with the same effect as if the order of discontinuance had not been entered.