THE MERCHANTS' BANK OF CANADA v. ALBERT R. SCHULEN-
BERG, IMPLEADED, &c.

*Nonsuit—Set-off.*

Whether nonsuit can be taken after set-off has been pleaded and defendant has claimed judgment for a balance—Q. Order permitting it affirmed by equal division.

Error to Wayne. (Chambers, J.)  April 9.—June 11.

ASSUMPSIT.  Defendant brings error.  Affirmed.

*Henry C. Wisner* for appellant.

*Moore & Canfield* and *G. V. N. Lothrop* for appellee.
Nonsuit may be taken after plea of set-off: *M'Credy v.
Fey* 7 Watts 496 ; *Sewall v. Tarbox* 30 Me. 27 ; *McCann v.
Boyers* 8 B. Mon. 285 ; *Fowler v. Lawson* 15 Ark. 148 ;
*Wooster v. Burr* 2 Wend. 295 ; *Usher v. Sibley* 2 Brev. 32.

SHERWOOD, J.  This case has once before been in this Court
(48 Mich. 102) but the questions then raised have no bearing
upon the points made in the present record.  The action is
assumpsit upon a Canadian judgment rendered in the Court
of Queen's Bench in the province of Ontario.  The plea was
the general issue, with notice of set-off and other special mat-
ter in bar of the suit.  Under the set-off defendant claimed
to be entitled to a judgment.  There was no contest as to
the amount of the plaintiff's claim upon the trial.  The record
of the Ontario judgment was introduced in evidence without
objection, and the plaintiff's counsel rested his case.

The defendant then examined two witnesses upon his part,
and, when nearly ready to close the defense, counsel for plaint-
iff announced to the court that he was taken by surprise by
the defendant's testimony ; was not then prepared to meet
it ; and asked leave of the court to submit to a nonsuit, with
the right to move to set the same aside.  This application of
plaintiff's counsel was objected to by the defendant, on the
ground that since the suit was commenced the Statute of
Limitations had commenced to run against the claim stated in
his notice of set-off.  The objection was overruled by the
court, and counsel for the defendant excepted.  Counsel for
defendant thereupon admitted the plaintiff's claim of $531,-
000 stated in his declaration, and claimed his readiness to
make proof of his offset to the amount of $646,348, and
insisted upon his right to proceed with the trial, establish his
claim, and have a verdict for the surplus in his favor, and
requested the court to permit him to do so.  Counsel for

plaintiff objected, the court sustained the objection, and defendant's counsel again excepted. These two exceptions are now before us for consideration, and only these.

The question is simply this : Whether, under our statute, when the defendant has given notice of set-off and claims a balance in his favor, the plaintiff can discontinue his suit, or be permitted to discontinue it, without the consent of and against the wishes of the defendant.

Set-off is a mode of defense. By it the existence of the demand sued upon is, in a certain sense, admitted ; but at the same time, the defendant sets up a demand against the plaintiff to counterbalance it, in whole or in part, and under our statute the defendant may have judgment for any balance found in his favor. Originally, the defendant's claim could only be allowed to the extent of the plaintiff's demand proved on the trial. Toml. Law Dict. ; Babbington on Set-off, 1. At common law the defendant was in no instance allowed to recover judgment for damages for a positive claim against the plaintiff. To obviate the rigor of this rule of law, and to avoid a multiplicity of suits where mutual cross-demands existed, unconnected with each other, and to have the whole adjudicated upon in one action, was the great object of the statute of set-off. *Ward v. Fellers* 3 Mich. 281.

The right of set-off at law is given by statute, and is, of course, limited by it. The common law never recognized it. Bacon Abr. tit. "Set-off ;" *Woods v. Ayres* 39 Mich. 345.

How. Stat. § 6886 of the chapter authorizing set-off in justice's court, reads as follows: "If the amount of set-off duly established, be equal to the plaintiff's debt, judgment shall be entered for the defendant, with costs; if it be less than the plaintiff's debt, the plaintiff shall have judgment for the residue only, with costs; if it be more than the plaintiff's debt, and the balance found due to the defendant from the plaintiff in the action be three hundred dollars or under, judgment shall be rendered for the defendant for the amount thereof, with costs ; and execution shall be awarded as upon a judgment in a suit brought by him ; but no such judgment shall be rendered against the plaintiff when the

contract which is the subject of suit, shall have been assigned before the commencement of such suit, nor for any balance due from any other person than the plaintiff in the action." The same provisions are made applicable to proceedings in courts of record, in cases of set-off. See How. Stat. §§ 7367, 7368.

The object of the statute is beneficial and equitable, and in its operation it proceeds upon equitable principles. *Downer v. Eggleston* 15 Wend. 55, 56.

The doctrine of set-off was borrowed from the doctrines of compensation of the civil law, and constituted an important part thereof. 2 Poth. Obl. No. 13, p. 99; *Duncan v. Lyon* 3 Johns. Ch. 359; *Reab v. McAlister* 8 Wend. 115; *Whitaker v. Rush* 1 Ambler 407. This doctrine was also followed to some extent in the English courts before the statutes of set-off were enacted. See *Chapman v. Derby* 2 Vern. 117; *Lindsay v. Jackson* 2 Paige 581. And while it is true that the right of set-off is statutory, and we cannot enlarge the right beyond what the statute reasonably allows, yet the courts may, and it is their duty, in determining, regulating and applying the practice, in securing and enforcing that right, to be liberal in their action, and to give the law such construction as will secure all the benefits and advantages intended.

The right of the plaintiff at common law to voluntarily submit to a nonsuit, or to discontinue his suit at any time before the jury have rendered their verdict, is well supported by the authorities, and has always been the practice in this State when no set-off has been pleaded. 3 Chit. Pr. 910; 1 Burrill's Pr. 241; *Wooster v. Burr* 2 Wend. 295; Circuit Court Rule 26; 1 Green's Pr. 447, 279; *Slocomb v. Thatcher* 20 Mich. 52. I think that when the set-off is purely defensive, and no affirmative action is required on the part of the court or jury, the right of the plaintiff to become nonsuited at his pleasure, before verdict or judgment, should be in the discretion of the court; which discretion should not be exercised against the right, except in cases where the rights of the defendant might be prejudiced.

Under the statute, however, authorizing a judgment to be rendered in case of set-off for any balance found due the defendant upon the trial, the rule is and should be different. In such a case, really two suits are pending before the court to be tried at the same time.  In the one, the plaintiff has the affirmative of the issue; and in the other, the defendant has the affirmative.  It is only after the trial, when the extent of each party's claim has been ascertained, that the liquidation of the smaller claim occurs by way of set-off, or can be made by the court or jury.

The statute requires the defendant to bring forward his claim for adjudication at the time the plaintiff brings his suit, and thereby determines the time when the defendant shall have his claim adjudicated, at the peril of doing so at his own expense.  In all other respects, the case stands as though two separate suits were brought to determine the rights of the parties; and I fail to see why both cases should not be governed by the same rules, and receive the same treatment at the hands of the court.  Simple justice requires this, and I can see no reason why the equitable rules upon which the whole doctrine of set-off is based should not be carried out in the practice in these cases.  Adopting this rule, the plaintiff would have no more right to discontinue the defendant's suit than the latter would that of the former; and such, I think, should be the law.

These views find support in the following authorities, which I think should govern this case : *Thomas v. Hill* 3 Tex. 270; *Bradford v. Hamilton* 7 Tex. 55, 58, 59; *Francis v. Edwards* 77 N. C. 271, 275; *Riley v. Carter* 3 Humph. (Tenn.) 230; *Rees v. Van Patten* 13 How. Pr. 258; *Cockle v. Underwood* 3 Duer 676; *Van Alen v. Schermerhorn* 14 How. Pr. 287.

I think the exceptions of defendant's counsel to the action of the court, in not allowing the defendant to make full proof of his claim and take judgment therefor, were well taken.

The judgment must be reversed with costs and a new trial granted.

CAMPBELL, J. concurred.

COOLEY, C. J.  In this case the defendant relied upon a set-off, which, he claimed, was larger than the plaintiff's demand, and he brings the case to this Court, assigning for error the order of the circuit court permitting the plaintiff, notwithstanding his objection, to submit to a nonsuit.

The general right of the plaintiff to discontinue his suit or to submit to a nonsuit, at any time before verdict, is undoubted; and in the absence of any statute taking away the right, it exists in the cases where set-off is relied upon, to the same extent as in other cases.  This is fully recognized in *Cummings v. Pruden* 11 Mass. 206, and *Branham v. Brown* 1 Bailey 262.  In several states statutes have been passed taking away the right, but we have no such statute. The fact that the statute of Set-offs permits judgment to be taken by the defendant for the balance found due him, does not preclude a discontinuance.  *Cummings v. Pruden* supra.

But it is said there are decisions to the contrary of these, and several are referred to.  The Texas cases are not in point, as they are decided under the civil law, which does not prevail in this State.  *Egery v. Power* 5 Tex. 501; *Walcott v. Hendrick* 6 Tex. 406; *Bradford v. Hamilton* 7 Tex. 55. The case of *Francis v. Edwards* 77 N. C. 271 was decided upon a construction of the Code of that state, and therefore has no bearing.  In *Riley v. Carter* 3 Humph. 230, the defendant had obtained judgment for his set-off in justice's court, and the plaintiff removed the case to the circuit court by certiorari, and then, in that court, was given leave to dismiss his suit.  This was palpable error, and the court so held; but we discover no analogy between that case and this.  The defendant had his judgment, and unless error was shown, had a right to retain it.  The three New York cases of *Cockle v. Underwood* 3 Duer 676; *Rees v. Van Patten* 13 How. Pr. 258; and *Van Alen v. Schermerhorn* 14 How. Pr. 287, are not in point, because decided under the state Code; but so far as they can be considered as having a bearing, they are against the defendant instead of for him, for they

all recognize the power of the court in its discretion to per-mit the plaintiff to discontinue; which is all that is necessary to sustain this judgment.

The judgment should be affirmed.

CHAMPLIN, J. concurred.