HOLCOMB *v.* HOLCOMB.

*(Circuit Court, E. D. Michigan.* May 25, 1885.)

PRACTICE—RIGHT TO DISCONTINUE ACTION—REFERENCE—SET-OFF—STATUTE OF LIMITATIONS.

   Where defendant pleaded a set-off, and the case was referred, and the referee had reported a balance due to the defendant, and the statute of limitations had run against an original suit upon his claim, *held*, that the plaintiff had no right to discontinue the action.

On motion of defendant to set aside an order of discontinuance, and for judgment against the plaintiff on report of referee. Plaintiff's declaration was upon the common counts. Defendant pleaded the general issue and notice of set-off. The case was referred to a referee, and the referee found and reported that the plaintiff was indebted to the defendant in the sum of $26,531.49. Notice of the filing of this report was given plaintiff as required by law, and no objections were filed, but plaintiff entered an *ex parte* order discontinuing the case.

*De Forest Paine,* for the motion.

*George S. Hosmer,* for plaintiff.

BROWN, J. The right of a plaintiff, in an ordinary action at law, to discontinue his suit at any time before verdict, upon the payment of costs, is beyond question, and is expressly recognized in the practice of the circuit courts of this state. Circuit court rule 26. Whether this right exists in cases where the defendant has filed a set-off, and claims an affirmative judgment in his favor, as by statute he is entitled to do, is an open question, and the authorities are in hopeless conflict. The principal cases are collated in *Merchants' Bank v. Schulenberg,* 19 N. W. Rep. 741, in which the justices of the supreme court of this state were equally divided in opinion. Without expressing a decided opinion upon the general subject, it is sufficient for the purposes of this case to hold that where a cause is referred to a referee, and the referee has found a balance due to the defendant, and the statute of limitations has run against an original suit upon his claim, (as it is conceded to have done in this case,) the plaintiff ought not to be permitted to discontinue without the assent of the de-

fendant. Having provoked a conflict with defendant, and lulled him into the belief that he was willing to test his claim by way of set-off to his own demand, he should not be allowed, after a virtual defeat, to reap the fruits of a victory. The examination before the referee is a substantial trial of the action. Edw. Ref. *c.* 1, § 3. His report is equivalent to the verdict of a jury, (chapter 4, §§ 18–28,) and has the same effect by way of estoppel upon the parties. Chapter 27, § 10; Bigelow, Estop. *c.* 18. Now, the right to discontinue terminates with a verdict, and we think, by analogy, with the filing of the referee's report.

The motion is therefore granted.