### ELECTRICAL ACCUMULATOR CO. *v.* BRUSH ELECTRIC CO.

*(Circuit Court, N. D. Ohio. December 26, 1890.)*

1. PATENTS FOR INVENTIONS—INTERFERENCES—PLEADINGS.
    In a suit under Rev. St. U. S. § 4918, to set aside a patent on the ground of interference with plaintiff's prior patent, defendant may obtain affirmative relief on an answer alleging the validity of his own patent, and the invalidity of plaintiff's under that provision of the statute that "the court, on notice to adverse parties, * * * may adjudge and declare either of the patents void."

2. SAME—DISMISSAL OF BILL.
    Where such suit has been pending for several years, and defendant has sought affirmative relief by his answer, and has failed to file a cross-bill, plaintiff will not be allowed to dismiss his bill before the hearing and after proofs have been taken, and it is immaterial that plaintiff has sold his patent.

3. SAME—PLEADING—SUPPLEMENTAL BILL.
    A supplemental bill, alleging that since the filing of the original bill plaintiff's patent has been adjudged valid by another court in a case to which defendant was not a party, on plaintiff's filing a disclaimer limiting the scope of his patent, and that the two patents no longer interfere, will not be stricken out on general demurrer, though it prays that the original bill be dismissed, as the facts alleged can be made to appear by supplemental bill only.

4. SAME.
    In such a suit questions of the duration of defendant's patent by reason of the existence of a foreign patent cannot be raised, as the object of the suit is to settle the questions of interference and priority only.

5. SAME.
    Where the bill prays that defendant's patent may be declared void by reason of interference with plaintiff's prior patent, and the answer prays that plaintiff's patent may be declared void, the suit cannot be regarded as one for infringement.

In Equity.

Upon petition of plaintiff for leave to dismiss its bill, and also upon demurrers to the amended and supplemental bills.

The amended bill was filed in this case under Rev. St. § 4918, by the assignee of Camille A. Faure, to whom, on January 3, 1882, patent No. 252,002 was granted to procure an adjudication of the invalidity of patent No. 337,299, issued March 2, 1886, to Charles F. Brush for a secondary battery. To this bill a demurrer and answer was filed by the Brush Electric Company, affirming the validity of its own patent, and denying that of the Faure patent, and praying that the plaintiff might be restrained from transferring its rights under the Faure patent, from disposing of its stock, or from licensing others to make, use, or vend secondary batteries, embodying the invention described in the Faure

patent, and from beginning or prosecuting any suits against defendant, its licensees or customers, for alleged infringement of such patent. A replication having been filed, plaintiff proceeded to take his *prima facie* proofs, and defendant to take its answering proofs. At this stage of the case plaintiff filed a supplemental bill, setting forth that the first claim of the Faure patent had been adjudged to be valid in the circuit court for the southern district of New York, in a suit in which the Electrical Accumulator Company was plaintiff and the Julien Electric Company was defendant. Upon the filing of a disclaimer in the patent-office, limiting such claim, and disclaiming from the first claim of said patent "any electrodes of a secondary battery, coated with an active layer of absorptive substance, to which the active layer is wholly applied otherwise than in the form of a paint, paste, or cement." The supplemental bill further alleged that since the filing of said disclaimer the said Faure patent and the said Brush patent have not been interfering patents within the meaning of the law, and prayed the judgment of this court whether this suit should not be discontinued and become abated by reason of such disclaimer, so that there is no longer an interference between the said patents. To this supplemental bill defendant filed a general demurrer. Thereupon plaintiff filed this motion to dismiss, to which defendant filed a demurrer and answer, alleging the invalidity of plaintiff's disclaimer, and denying that the Brush and Faure patents were not still interfering patents within the meaning of the law, even if limited by the pretended disclaimer.

*Betts, Atterbury, Hyde & Betts,* for plaintiff.
*Wilter & Kenyon,* for defendant.

BROWN, J., (*after stating the facts as above.*) The petition for leave to dismiss raises the question as to the right of a plaintiff to dismiss his bill after proofs have been taken and before the hearing, and after an answer praying for affirmative relief has been filed. If it were an original question, I should feel considerable doubt whether, under section section 4918, a defendant was entitled to a decree declaring the invalidity of the plaintiff's patent, without filing a cross-bill; but as the practice of claiming affirmative relief in the answer has been sanctioned by several judges, and as no objection is made to it in this case, we do not feel called upon to express an opinion upon the point. Even if, under section 4918, a cross-bill be unnecessary, the defendant, in seeking to obtain a decree establishing the invalidity of the plaintiff's patent, is clearly an actor, since the section declares that "the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part." Under such circumstances, we think the defendant should be considered as having the same rights as if it had filed a cross-bill. Indeed, if it were necessary under the statute to its affirmative relief, we should permit a cross-bill to be filed even at this stage of the case.

While there is no doubt of the general proposition that a plaintiff in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he cannot do so without an order of court,—a practice which implies a certain discretion on the part of the court to refuse such order if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant. Leave to discontinue has been denied where the defendant has set up a counter-claim which would be barred by the statute of limitations. *Van Alen* v. *Schermerhorn*, 14 How. Pr. 287. Where the defendant pleaded an estoppel, which, if established, would amount to a defeasance of a lien claimed by the plaintiff on his property, and which it was the object of the bill to enforce: *Stevens* v. *Railroads*, 4 Fed. Rep. 97,—a most satisfactory opinion by Judge HAMMOND. Where defendant sought to dismiss his cross-bill after the original and cross-bill had been set down to be heard together; the court remarking that the plaintiff could not dismiss his bill when by so doing he might prejudice the defendant: *Booth* v. *Leycester*, 1 Keen, 247. Where a general demurrer had been overruled upon argument, and defendant had appealed: *Cooper* v. *Lewis*, 2 Phil. Ch. 178. After an order to account and a report has been made: *Bethia* v. *McKay*, Cheves, Eq. 93, overruling *Bossard* v. *Lester*, 2 McCord, Eq. 419. Or where a cross-bill was filed to a bill of foreclosure: *Bank* v. *Rose*, 1 Rich. Eq. 292; the court observing that "whenever, in the progress of a cause, a defendant entitles himself to a decree, either against the complainant or against a co-defendant, and the dismissal would put him to the expense and trouble of bringing a new suit, and making his proofs anew, such dismissal will not be permitted." Whether, under the New York Code of Pleading, a plaintiff will be permitted to discontinue after a counter-claim has been filed seems to be a question upon which the authorities are not unequally divided. *Cockle* v. *Underwood*, 3 Duer, 676; *Railroad Co.* v. *Ward*, 18 Barb. 595; *Rees* v. *Van Patten*, 13 How. Pr. 258; *Young* v. *Bush*, 36 How. Pr. 240. In *Cummins* v. *Bennett*, 8 Paige, 81, it was conceded by counsel on both sides that the right of the plaintiff to discontinue was absolute, even if a cross-bill were filed; but that it did not carry the cross-bill with it; that as the cross-bill was the bill of the defendant it remained in court until he voluntarily dismissed it, or it was dismissed by his default or disposed of by the judgment of the court. This, however, does not seem to accord with the practice in the federal courts. *Railroad Co.* v. *Rolling-Mill Co.*, 109 U. S. 702, 713, 3 Sup. Ct. Rep. 594. It was also conceded that the right existed in replevin where the defendant is an actor, and may notice the cause as well as the plaintiff, and continued in actions of contract after the law allowed a set-off to the defendant, and his right to recover from the plaintiff any excess of the set-off beyond the plaintiff's claim. In a case at law arising in my own district (*Holcomb* v. *Holcomb*, 23 Fed. Rep. 781) I held that where a defendant pleaded a set-off, and the case was referred, and the referee had reported a balance due to the defendant, and the statute of limitations has run against an original suit upon his claim, the plaintiff had no right

to discontinue the action.   In *Bank* v. *Schulenberg*, 54 Mich. 49, 19 N. W. Rep. 741, the supreme court of Michigan was equally divided upon the question whether a nonsuit can be taken after set-off has been pleaded and defendant has claimed judgment for a balance.

Upon a full examination of all the cases upon this subject we have come to the conclusion that leave to dismiss a bill should not be granted where, beyond the incidental annoyances of a second litigation upon the same subject-matter, such action would be manifestly prejudicial to the defendant.

In the case under consideration the litigation has been pending for three years and a half.   The defendant is entitled under his answer to an affirmative decree declaring the invalidity of the plaintiff's patent, in case it succeeds in establishing the priority of its own.   Relying upon this, it has neglected to institute a cross-cause, and to allow this bill to be dismissed would be virtually to shorten the life of its patent for the time this litigation has been pending.   Indeed, as the very object of the statute is to save the necessity of two suits, it will be manifestly unjust to permit either party to put an end to the litigation by dismissing its own bill.

It is said, however, that this order ought to be granted, because, since the cases of *Electrical Accumulator Co.* v. *Julien Electric Co.*, 38 Fed. Rep. 117, and *Brush Electric Co.* v. *Julien Electric Co.*, 41 Fed. Rep. 679, a disclaimer has been entered which renders these no longer interfering patents, and hence there is no necessity for this litigation.   On the other hand, it is said that this disclaimer was unauthorized by the statute, and is a nullity; that while such disclaimer has been accepted in the second circuit, the defendant was not a party to that suit, has not been heard upon the question, and is not bound by the decision, and that the judgment of that court is not a bar to this action, nor to the prayers for affirmative relief contained in the defendant's answer.   It is further claimed that even if the disclaimer be valid and legal, the two patents are interfering within the meaning of section 4918; that the first claim of the Faure patent is the only one affected by the disclaimer; and that an interference still exists between the third claim of the Faure patent and the ninth claim of the Brush patent and the fifth of the Faure and the tenth of the Brush.   Without expressing any opinion as to the effect of this disclaimer, or the present existence of the interference, it is sufficient to say that these are questions which go to the merits of the case, and we have no right to consider them upon a motion to dismiss the bill.   *Fuller* v. *Insurance Co.*, 31 Fed. Rep. 696.   The question whether an interference exists or not is one which must be determined from an inspection of the pleadings and proofs, a question no more to be raised upon this petition than the question of the priority of the respective patents.

The objection that the plaintiff no longer owns the Faure patent, and therefore has no interest in this suit, is untenable.   Granting that a sale *pendente lite* by a plaintiff of his interest in the subject-matter of a suit

operates as an abatement,—and such seems to be the law, (*Brewer* v. *Dodge*, 28 Mich. 358,)—this is clearly a matter of defense, and not one of which the plaintiff itself can take advantage. If the defendant seeks to obtain affirmative relief against it, its right to such relief ought not to be defeated by an assignment of plaintiff's interest in the patent. A decree in its favor would operate as an estoppel, not only upon the plaintiff, but upon any one purchasing its interest during the pendency of the suit, and also by the statute upon those deriving title under it subsequent to the rendition of the judgment. It is not the judgment which would affect the purchaser *pendente lite*, but irrespective of the statute he is charged with notice of the suit, and bound by its result. *Murray* v. *Ballou*, 1 Johns. Ch. 566; *Murray* v. *Lylburn*, 2 Johns. Ch. 441; *County of Warren* v. *Marcy*, 97 U. S. 96, 105.

The petition to dismiss must therefore be denied.

2. There are also two demurrers interposed by the defendant, one to the supplemental bill, and the other to the original amended bill.

The first of the demurrers is to the supplemental bill. The amended bill alleges that the inventions described in the two patents are substantially the same; that they are interfering patents within the meaning of the law; and that Faure was the true and first inventor,—and prays that the Brush patent may be declared void. The defendant in its answer admits that certain claims of the Brush patent recite substantially the same invention as certain claims of the Faure patent, and that the patents in the suit are interfering patents to that extent, but avers that Brush is the true and first inventor, and prays that the Faure patent may be declared void. Replication was filed and testimony taken upon both sides. While defendant was awaiting the plaintiff's rebutting testimony the latter obtained leave to file a supplemental bill.

This bill, after reciting the proceedings had in the suit, states that the first claim of the Faure patent has been declared valid in the circuit court for the southern district of New York, in a suit against a defendant not a party herein, upon filing a disclaimer in the patent-office limiting such claim. This claim is admitted by defendant in its answer to be for substantially the same invention as one of the Brush claims. The supplemental bill further states that since the filing of said disclaimer the two patents have not been interfering patents within the meaning of the statute, and prays judgment whether this suit should not be discontinued and become abated. In short, after denying that it has any cause of action against the defendant, it prays the court to dismiss its bill. By the recognized rules of equity pleading the province of a supplemental bill is either to supply some defect in the structure of the original bill, when this cannot be done by amendment, or to introduce matters occurring subsequent to the filing of the original bill. Story, Eq. Pl. § 332. Although the plaintiff may, in a supplemental bill, pray for other and different relief from that demanded in the original bill, the new matters which may be introduced should be such as refer to and support the rights and interests of the original bill. Id. §

336. The facts introduced by way of such bill must not only be material in themselves, but must be such as are in furtherance of the general object of the original bill, and not such as are destructive of it. Its province is to meet exigencies arising or discovered since the filing of the original bill, and to put them on record in such manner that they may be made available for the continued prosecution of the original suit, that the benefit of proceedings already taken may not be lost.

Tested by these rules it is quite evident that this bill is objectionable, in so far at least as it prays for a dismissal of the original bill. While it introduces matter which has arisen since the filing of the amended bill, it is matter which, so far from being beneficial to the plaintiff's cause of action, is subversive and destructive of it. It prays not for the same or similar relief to the original bill, but that this may be dismissed. We do not understand that the plaintiff can, either by amendment or by supplemental bill, make an essentially different case, or pray for relief manifestly inconsistent with that claimed in the original bill. *Snead* v. *McCoull*, 12 How. 422; *Allen* v. *Spring*, 22 Beav. 615; *Maynard* v. *Green*, 30 Fed. Rep. 643. In *Shields* v. *Barrow*, 17 How. 130, it is said (page 144) that "a bill may be originally framed with a double aspect, or may be so amended as to be of that character. But the alternative case stated, must be the foundation for precisely the same relief. * * * Nor is a complainant at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment. * * * We think sound reasons can be given for not allowing the rules for the practice of the circuit courts respecting amendments, to be extended beyond this, though doubtless much liberality should be shown in acting within it, taking care, always, to protect the rights of the opposite party."

Obviously the proper way to obtain the relief sought by this supplemental bill was to move to dismiss the amended bill, the course which was subsequently pursued in this case. While we have already held that, under the peculiar circumstances of the case, plaintiff was not entitled to a dismissal of this bill, no objection was made to the petition as the proper method of procedure.

But, inasmuch as the defendant prays for affirmative relief against the plaintiff, it is quite evident that the facts set forth in this supplemental bill of the adjudications in New York and the disclaimer should, in some way, be called to the attention of the court, in order that it may pass an intelligent judgment upon the two patents as they now stand. Indeed, this case well illustrates the difficulty of carrying on a double litigation under this statute without the filing of a cross-bill. Had such bill been filed in this case, the court would have had no doubt of its power to permit these facts to be set up in a supplemental answer. Story, Eq. Pl. § 903; *Patterson* v. *Slaughter*, 1 Dick. 285; *Graves* v. *Niles*, Har. (Mich.) 332; Gen. Eq. Rule 46. But as the right of the plaintiff to have the benefit of these facts is as clear as though a cross-bill were filed, we know of no way by which, in the absence of a cross-bill, they can be made to appear except by a supplemental bill, and for this purpose it will be permitted to stand. And as the demurrer in this case is taken to the whole bill,

and not to the prayer for relief only, it must be overruled. The rule is that a general demurrer cannot be good to the part which it covers and bad as to the rest, and therefore it must stand or fall altogether. Story, Eq. Pl. § 443; *Higinbotham* v. *Burnet*, 5 Johns. Ch. 184; *Williams* v. *Hubbard*, Walk. (Mich.) 28.

3. The demurrer to the amended bill arises out of the allegation that prior to the granting of the patent to Brush there was an Italian patent granted to one Hadden, agent of Brush, for the term of three years from August 8, 1882, a certified copy of which was annexed to the bill. The argument is that, as the foreign patent had expired before the American patent was taken out, the latter is invalid, and of no effect. Defendant claims that this allegation raises an issue which cannot properly be determined in a suit based upon an interference; that the sole objects of section 4918 are to determine the questions of interference and priority as between two patentees; and that all other questions, including those of anticipation, novelty, and duration of the patent, can only be raised in suits for infringement. This question has been passed on in five cases, and in all, except the earliest, the contention made by this demurrer was sustained. In the case of *Foster* v. *Lindsay*, 3 Dill. 126, the defendant, in a suit upon an interference, set up, among other defenses, that the patent compound or process had been anticipated and in use before either of the interfering patents had been claimed or issued. The point was made that the court was bound to adjudicate solely between the interfering patents, leaving one to stand for subsequent adjudication when assailed in a proper suit. Judge TREAT held that the defense was a proper one, and that under the statute the court had the power to declare either one or both of the patents void, and thus end the litigation. But in the subsequent case of *Pentlarge* v. *Pentlarge*, 19 Fed. Rep. 817, where the defendants interposed a plea that the invention described in the plaintiff's patent was anticipated by an English patent, Judge BENEDICT held, in an opinion which seems to me unanswerable, that the statute has for its sole object the determination of the question of interference and priority. 'If the defendant," says he, "in such an action, may attack the plaintiff's invention on any ground which the statute permits to be set up by answer in an action for infringement, it would often result that the proceeding would fail to carry the adjudication of the question of interference, and so the proceeding be rendered futile for the purpose which the statute intended to be accomplished."

The same view was taken by Judge NIXON in *Lockwood* v. *Cleveland*, 20 Fed. Rep. 164; by Judge SAGE in *American Clay-Bird Co.* v. *Ligowski Clay Pigeon Co.*, 31 Fed. Rep. 466; and by Judge SPEER in *Sawyer* v. *Massey*, 25 Fed. Rep. 144. We regard those cases as settling the law that questions of novelty cannot be raised in suits under this section, and by parity of reasoning, that questions of the duration of either patent, by reason of the existence of a foreign patent, which would involve incidentally the question of the identity of the two, are equally beyond the power of the court.

But it is said that this is also a bill for an infringement, as well as for an interference, and that in such case every question which might properly be put in issue in an ordinary suit for infringement may be raised here; citing *Holliday* v. *Pickhardt*, 29 Fed. Rep. 853.

We do not so read the pleadings. The bill prays that the Brush patent be adjudged void by reason of its interference with the patent to Faure. The answer prays that the Faure patent may be declared void; that the plaintiff may be restrained from disposing of it, or making use of it directly or indirectly. There is no allegation in either that would justify us in treating either pleading as a bill for an infringement. Indeed, it is very clear that an answer to a bill under this section could not be treated as a bill for an infringement.

Separate orders will then be entered, denying the petition to dismiss, overruling the demurrer to the supplemental bill, and sustaining the demurrer to the amended bill.