## HAT-SWEAT MANUF'G Co. *v.* WARING *et al.*

(*Circuit Court, S. D. New York.* March 31, 1891.)

DISMISSAL OF BILL—ANSWER FILED.

A complainant is not entitled as of right to dismiss his bill after the answer is filed, setting up that the license to use a patent upon which the suit is brought is fraudulent and void, and showing that defendant is entitled to a decree for its cancellation.

In Equity.
*John R. Bennett,* for complainant.
*Wetmore & Jenner,* for defendants.

LACOMBE, Circuit Judge. Should the defense set up by the defendants be made out by the proof, they would be entitled to a decree not simply denying complainant's right to money damages, or an accounting, but also declaring the license upon which the suit is brought to be fraudulent and void, and directing its cancellation. The complainant is therefore, under the authorities, not entitled as of right to dismiss its own bill at this stage of the case. *Electrical Accumulator Co. v. Brush Electric Co.,* 44 Fed. Rep. 602; *Stevens v. Railroads,* 4 Fed. Rep. 97. Nor, under all the circumstances, should it be allowed to do so. If complainant suffers default, defendants may take a decree dismissing the complaint, declaring the license void, and directing its cancellation; but such decree will, of course, show upon its face that it was entered upon

default. Should the complainant be unwilling to suffer default, the time to file briefs named in the former order is extended to and including April 6th, and they need not be printed.