## BURKART *v.* BLAUMANN.

1. JUSTICES OF THE PEACE—NONSUIT—DISCONTINUANCE.
   Under section 836, 1 Comp. Laws, plaintiff, in an action before a justice, is entitled as of right to discontinue or submit to a nonsuit at any time before verdict.

2. SAME—EFFECT.
   Where, after a motion for a new trial is granted by a justice of the peace, plaintiff discontinues the action, the justice is thereby deprived of all jurisdiction to render any judgment in the case except one of nonsuit.

3. JUDGMENT—BAR OF CAUSE OF ACTION—NONSUIT.
   Where, after the granting of a motion for a new trial by a jus-

tice of the peace, plaintiff discontinues the action, he is entitled to commence a new suit in any court having jurisdiction of the parties and subject-matter, though the justice neglects to formally enter the judgment of nonsuit.

Error to Wayne; Donovan, J. Submitted October 13, 1905. (Docket No. 57.) Decided November 21, 1905.

Assumpsit in justice's court by Anselm S. Burkart against Carl R. Blaumann upon a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court, where there was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*William Kelley* and *M. J. Lehmann*, for appellant.

*Henry F. Chipman* and *Louis Ott*, for appellee.

BLAIR, J. Plaintiff commenced suit upon a promissory note in September, 1904, in the justice's court of Detroit, which, according to the practice of that court, was assigned to Justice Stein, who rendered judgment in favor of plaintiff, but upon motion of defendant granted a new trial. Thereupon plaintiff discontinued his suit, and commenced another suit in the same court upon the same note. This last suit, under the practice of the court, was assigned to Justice Teagan, who tried it, and rendered judgment for plaintiff, from which judgment the defendant appealed to the circuit court. The docket of Justice Stein showed the following entries:

"Sept. 10, 1904, I render judgment in favor of the plaintiff and against the defendant for $375 and $1.75 costs.

"CHRISTOPHER E. STEIN.

"Sept. 14th, motion for new trial filed, case set for Sept. 17th, 9 a. m. of that day.

"Sept. 17th, case called, parties in court, case adjourned by consent of parties to Sept. 21.

"Sept. 21, case called, parties in court, motion for new

trial granted.    Case discontinued in open court by plaintiff's attorney.

" CHRISTOPHER E. STEIN,
" Justice of the Peace."

The clerk of the court testified:

" The case tried before Justice Stein does not now stand in our court upon a motion for a new trial.    It was discontinued by plaintiff's attorneys.

" This case that we are talking about in this court was commenced after the motion for a new trial before Judge Stein was granted, Sept. 21, 1904.    This case was started Sept. 28, 1904.    *    *    *

" Justice Stein rendered two judgments and granted two new trials, and, after he granted the second trial, case was discontinued by plaintiff's attorneys.

" In this city, suits are commenced in justice court by filing a præcipe in the office of the clerk, and the clerk assigns the cases to the justices in rotation, according to the requirements of the statute, and that is the way the case now before this court came to Justice Teagan."

Defendant gave notice, under his plea of the general issue:

" That said note, the subject-matter of this suit, is now in suit in another branch of this court before Christopher E. Stein, Esq., justice of the peace.

" That said suit before Christopher E. Stein, Esq., is No. 13,358 of the files and records of the justice's docket of said Christopher E. Stein, Esq., and has been fully tried and determined by said Christopher E. Stein, who did heretofore render judgment in said suit, which was set aside by said Christopher E. Stein, and a new trial of said cause granted, and on Sept. 10, 1904, upon the new trial of said cause, after hearing the testimony, said Christopher E. Stein did render a judgment in favor of the plaintiff for $372 and $1.75 costs.

" That on September 14, 1904, defendant moved for a new trial of said suit, and said motion was duly heard and argued, and thereupon said Christopher E. Stein granted a new trial of said cause, and thereupon said suit was discontinued in open court by plaintiff's attorneys.

" That said suit was not nonsuited, and the dismissal of said suit was irregular and void."

When the cause came on for trial in the circuit court on appeal, on objection being made, the trial judge held that he had no jurisdiction, and that the case must be dismissed because the suit had not proceeded to judgment. On the following day, on motion of defendant's attorney, and against the objection of plaintiff's attorney, the court ordered the jury, which was not then in attendance upon the case, but whose assembling was waived, to return a verdict for the defendant. We think the court was in error.

"The general right of the plaintiff to discontinue his suit or submit to a nonsuit at any time before verdict is undoubted." *Merchants' Bank of Canada* v. *Schulenberg*, 54 Mich. 49.

As to whether that right existed in case of set-off, pleaded by defendant, the court evenly divided. The Justices, however, agreed as to the existence of the right in the absence of such plea. There was no notice of set-off or recoupment in the case before us. See, also, to the same effect, *Helwig* v. *Wayne Circuit Judge*, 73 Mich. 258. Section 836, 1 Comp. Laws, provides that:

"Judgment of nonsuit, with costs, shall be rendered against a plaintiff prosecuting an action before a justice of the peace in the following cases:
"1. If he discontinue or withdraw his action;
"2. If he fail to appear on the return of any process, within one hour after the same was returnable;
"3. If after an adjournment he fail to appear within one hour after the time to which the adjournment shall have been made;
"4. If he become nonsuited on the trial."

It was held by this court in *Brady* v. *Tabor*, 29 Mich. 199, that the failure of the plaintiff to appear within the hour, under this statute, "operated as a discontinuance of the suit, and deprived the justice of all jurisdiction to render the judgment against the defendant, or any judgment except that of nonsuit and for costs." When plaintiff discontinued the suit before Justice Stein, the

justice thereupon lost all jurisdiction to render any judgment except one of nonsuit, and the fact that he neglected to enter the formal judgment, which was the only one he could enter, could not affect the plaintiff's rights. He no longer had jurisdiction of the case, and the plaintiff was at liberty to commence his suit anew in any court having jurisdiction of the parties and subject-matter.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

MOORE, C. J., and MCALVAY, GRANT, and OSTRANDER, JJ., concurred.