CARLISLE v. SMITH et al.

(District Court, N. D. Georgia. March 22, 1915.)

No. 10.

1. EQUITY ⬤⟹359—VOLUNTARY DISMISSAL—RIGHT TO DISMISS.

Where defendants had filed no cross-bill, and had asked for no affirmative relief, and could have obtained no relief, except a decree dismissing the bill, plaintiff had a right to dismiss his bill without prejudice while the suit was pending on exceptions to the report of a special master, especially as plaintiff offered to stipulate that any evidence taken might be used by any of the defendants in any other suit then pending or thereafter brought, since, while such a dismissal will not be allowed where defendants' rights will be prejudiced, the mere hardship and annoyance of defending another suit does not justify the denial of the motion.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749-755; Dec. Dig. ⬤⟹359.]

2. EQUITY ⬤⟹359—VOLUNTARY DISMISSAL—NECESSITY OF SPECIFYING THAT DISMISSAL IS WITHOUT PREJUDICE.

Where plaintiff voluntarily dismisses a suit, without expressing in the order of dismissal that it is without prejudice, the dismissal will be regarded as on the merits.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749-755; Dec. Dig. ⬤⟹359.]

3. EQUITY ⬤⟹359—VOLUNTARY DISMISSAL—CONDITIONS—PAYMENT OF COSTS.

A plaintiff, voluntarily dismissing a bill in equity, will be required to pay all costs that have accrued in the case.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749-755; Dec. Dig. ⬤⟹359.]

In Equity. Suit by W. A. Carlisle against C. Elmer Smith and others. On motion to dismiss by plaintiff. Motion granted.

See, also, 200 Fed. 268.

Anderson & Rountree, of Atlanta, Ga., for plaintiff.

H. H. Dean, of Gainesville, Ga., and Robert C. & Philip H. Alston, of Atlanta, Ga., for defendants.

NEWMAN, District Judge. This is a motion made by the plaintiff to dismiss a bill filed in this court. The case in which the bill was filed has gone through these stages:

[1] In the first place it was removed from the state court to this court by the nonresident defendants. At the time of the removal there was in the case a temporary restraining order. The case was first heard on an application for an injunction pendente lite. After hearing, this was denied. There was a demurrer to the bill, which was overruled. The case was then referred to a special master, who heard testimony and drafted a report, and served copy of same on counsel. Exceptions were thereupon filed before him, which were overruled by the master, and the report of the master was filed in the court. Exceptions to this report were filed, and the case was pending for hearing on these exceptions when the motion to dismiss was made by the plaintiff.

The defendants objected to the dismissal, and shortly after the filing of the motion to dismiss in the clerk's office they filed these objections and what they call a "cross-bill." It must be determined now, in view of the situation of the case and what has occurred in it, whether the plaintiff has a right to dismiss.

Perhaps as satisfactory a statement of when a plaintiff may or may not dismiss a case in equity as can be found is stated by Judge Taft in City of Detroit v. Detroit City Ry. Co. et al. (C. C.) 55 Fed. 569, as follows:

"The motion to dismiss presents a question of equity practice which is not as clearly settled as could be desired. It seems hardly fair that after a case has been got ready for hearing, and the defendant has gone to the expense of a full preparation, the complainant may deprive the defendant of the benefit of all that preparation by a dismissal, under which he reserves full power to harass him by bringing a new bill when he shall choose to do so, on the simple condition that he pay the costs, which are so notoriously inadequate to compensate defendant for his actual expenditures. In England, since 1845, the rule has been, by virtue of an order in chancery, that a dismissal of a bill after a cause is set for hearing is on the merits and must be a bar to the bringing of another bill. General Ordinance No. 117; Mayor, etc., of Liverpool v. Chorley Waterworks Co., 2 De Gex, M. & G. 852; In re Orrell Colliery & Fire Brick Co., 12 Ch. Div. 681, 682. The equity rules of the United States Supreme Court, adopting the practice of the High Court of Chancery of England, were published in 1842, and it follows, therefore, that the equity practice in this regard of the federal courts continues to be that prevailing in the English Chancery Courts before the new rule was promulgated, in 1845. Badger v. Badger, 1 Cliff. 237 [Fed. Cas. No. 717]; Stevens v. The Railroads [C. C.] 4 Fed. 97; Western Union Tel. Co. v. American Bell Tel. Co. [C. C.] 50 Fed. 662.

"It is very clear, from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was, of course, excepted in certain cases. Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594 [27 L. Ed. 1081]. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind. The exceptions are as broadly and clearly stated as anywhere by Chancellor Harper, of South Carolina, in the case of Bank v. Rose, 1 Rich. Eq. 294, as follows:

"'Harper, Ch. The general rule is, as contended for, that the plaintiff at any time before decree, perhaps before the hearing, may dismiss his bill as of course upon the payment of costs; but certainly it cannot be said that the rule is without exception. The exception, stated in general terms, is that it is within the discretion of the court to refuse him permission to do so if the dismissal would work a prejudice to the other parties; and I gather from the cases, compared with each other, that it is not regarded as such prejudice to a

defendant that the complainant, dismissing his own bill, may at his pleasure harass him by filing another bill for the same matter. But whenever, in the progress of a cause, a defendant entitles himself to a decree, either against the complainant or against a codefendant, and a dismissal would put him to the expense and trouble of bringing a new suit and making his proofs anew, such dismissal will not be permitted.'

"In that case there had been a cross-bill filed, and affirmative relief asked, and the case had been prepared for hearing, and it was held a case where the motion to dismiss could not be granted. In Booth v. Leycerter, 1 Keen, 247, where a bill and cross-bill were set down for hearing together, it was held that the complainant would be prejudiced by dismissal of the cross-bill without prejudice, and leave was not granted. In Electric Accumulator Co. v. Bruch Electric Co. [C. C.] 44 Fed. 602, Mr. Justice Brown held that where, under an answer, and by virtue of the statute controlling patent litigation, a defendant was given a right, in the nature of affirmative relief, to have the patent sued on declared void, and the case had been pending three years, the defendant was entitled to have the original bill heard in spite of a motion to dismiss. In Manufacturing Co. v. Waring [C. C.] 46 Fed. 87, Judge Lacombe held that a complainant was not entitled of right to dismiss his bill after the answer is filed, setting up that the license to use a patent upon which the suit is brought is fraudulent and void, and showing that defendant is entitled to a decree for its cancellation. In Western Union Tel. Co. v. American Bell Tel. Co. [C. C.] 50 Fed. 662, 664, the rule is stated by Judge Colt as follows: 'Under that practice [i. e., the English chancery practice before 1845] the general rule was that a complainant might dismiss his bill upon payment of costs at any time before interlocutory or final decree; and this has been the general practice both in the federal and state courts. There are, however, certain well-recognized exceptions to this rule, and the question which arises upon this motion is whether the defendant comes within any of these exceptions. * * * But this does not mean that it is within the discretion of the court to deny the complainant this privilege under any circumstances, where it might think such dismissal would work a hardship to the defendant, as, for example, where it might burden him with the trouble and annoyance of defending against a second suit; but it means that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill.'

"The question remains whether the case at bar comes within the exceptions. If it does not, we have no discretion to deny the motion. If it does, we have a discretion to grant or refuse it."

The above case is cited, and the rule in reference to dismissal of cases by plaintiffs, in equity suits, is laid down in Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 811, 43 L. Ed. 108, and in the opinion by Mr. Justice Peckham the rule is stated in this way:

"The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearing, but to this general proposition there are some * * * exceptions. Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant. The subject is treated of in Detroit v. Detroit City Railway Co., in an opinion by the Circuit Judge, and reported in 55 Fed. 569, where many of the authorities are collected, and the rule is stated substantially as above. The rule is also referred to in Chicago & Alton Railroad v. Union Rolling Mill Co., 109 U. S. 702 [3 Sup. Ct. 594, 27 L. Ed. 1081]. From these cases we gather that there must be some plain, legal prejudice to defendant to authorize a denial of the motion to discontinue. Such prejudice must be other than the mere prospect of future litigation rendered possible by the discontinuance. If the defendants have acquired some rights which might be lost or

rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application. Stevens v. The Railroads [C. C.] 4 Fed. 97, 105. Unless there is an obvious violation of a fundamental rule of a court of equity or an abuse of the discretion of the court, the decision of a motion for leave to discontinue will not be reviewed here."

In Simpkins, "A Federal Equity Suit," this is said:

"The general rule is that the plaintiff has the right, at any time before an interlocutory or final decree in a case, to dismiss it on paying costs, and without prejudice to his right to file another, and where the dismissal will deprive the defendant of no substantial right accrued since the suit commenced and the defendant has not prayed for affirmative relief to which he would be entitled"—citing a number of authorities (page 349).

Again in this same work (page 350) it is stated:

"The refusal to dismiss when the rights of the defendant may be prejudiced does not mean that by the dismissal he may be burdened by another suit, but the record must show some right upon which he should be heard and which is properly in issue."

[2] It is clear from the authorities that, if the plaintiff has a right to dismiss, he has a right to do so without prejudice. If he simply dismisses, without expressing in his order of dismissal that it is without prejudice, the case will be held to have been determined on the merits. In the work above cited, by Simpkins, it is stated on page 351:

"The practice in dismissing is to use the words 'without prejudice'; for, if you do not, the presumption is that it was heard on its merits"—citing a number of authorities.

So the question here is: Has the plaintiff the right as of course to dismiss his bill, or do any of the exceptions to the rule as to the right to dismiss apply here, and make the case one of discretion for the court as to whether the plaintiff should be allowed to dismiss or not?

There was no cross-bill in this case, nor was there anything in the answer asking for affirmative relief, and I do not see anything else in the course of the proceedings which would bring the defendant within the rule with reference to exceptions. A fair test of the question involved here is what the defendants were entitled to at the time the motion to dismiss by the plaintiff was made. It seems reasonably clear that the most the defendants could have obtained would have been a decree in their favor, and consequently dismissing the bill. The case is pending on exceptions to the master's report, and if the court had determined that it was right to do so, and had overruled all of these exceptions and confirmed the report, this would have resulted simply in a decree in favor of the defendants and the dismissal of the bill, as stated. There was not in the record anything, up to the time this motion to dismiss was made, which made any claim on behalf of the defendants beyond the fact that they were not liable to the plaintiff and that the plaintiff was not entitled to recover at all. The position of the defendants in the case, when this motion was made, was denial all the time. There was no application for any affirmative relief on their part, nor was there any pleading on which any affirmative relief could have been granted to them. I have examined the cases cited by counsel and all that I have been able to find myself, and the

result is I am compelled to conclude that the plaintiff has the right to dismiss his bill and to dismiss it "without prejudice."

The plaintiff has voluntarily offered to enter into a stipulation here that any evidence taken in this matter may be used hereafter by the defendants, and as I understand it, by either of them, in any other suit now pending or that may be brought hereafter. It must be conceded that the dismissal of this suit is a hardship, and, of course, in the language of the cases, it will be "an annoyance" to the defendants; but it is only the hardship and annoyance of defending another suit, and this, all the authorities agree, is not sufficient to justify the court in denying the motion to dismiss the bill.

[3] The plaintiff must, of course, before being allowed to dismiss, pay all costs that have accrued in this case. The costs will be ascertained by the clerk, and upon payment of this the plaintiff will be allowed to enter his voluntary dismissal of his bill, without prejudice.

It should be added that, a short time after the motion to dismiss this case was filed in the clerk's office, counsel for defendants presented to the court what is called a "cross-bill," which they asked permission to file. This paper called a "cross-bill" does not set up anything which I consider meritorious, in view of the fact that the plaintiff had, before it was presented, filed his motion to dismiss. So I think the motion to file this "cross-bill" must be denied, and, if filed, it should be dismissed, as it would fall with the dismissal of plaintiff's bill.