**DOOLEY et al. v. FRITZ.**

No. 3187.

District Court, D. Massachusetts.

Feb. 11, 1930.

Charles William Lavers, of Boston, Mass., for plaintiffs.

Ira Dudley Farquhar and Vernon Mason, both of Boston, Mass., for defendant.

MORTON, District Judge.

The question is whether the plaintiffs are entitled as of right to dismiss their bill. If it is a matter of the court's discretion, I am of opinion, for reasons which I stated orally from the bench, that leave to do so ought not to be granted.

■■ Up to a certain point in equity proceedings, there is no doubt that a plaintiff has the absolute right to dismiss his bill. It is, however, "well settled that he cannot do so without an order of court,—a practice which implies a certain discretion on the part of the court to refuse such order if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant." Brown, J., Electrical Accumulator Co. v. Brush Electric Co. (C. C.) 44 F. 602, at page 604. The difficulty is in determining what constitutes prejudice to the defendant's rights. It is settled that the mere fact that the defendant will be exposed to another suit, perhaps in a less convenient jurisdiction, is not such prejudice.

■ The leading case on the point in this circuit is American Bell Telephone Co. v. Western Union Telegraph Co., 69 F. 666, 670 (C. C. A. 1) in which it was said, "All the authorities recognize that in the progress of a suit a stage may be reached when the right of the complainant to end the cause by dismissing his bill ceases. With sufficient exactness, the decisive point may be said to be when the cause has proceeded so far as to give the defendant rights of which he would be deprived by allowing the dismissal of the bill by the complainant on his motion. Such rights were acquired in this cause by the reference of the parties to the master, approved and confirmed by the decretal order of the court." Webb J., 69 F. at page 670. It would seem immaterial whether the reference to a master was by agreement of parties or by order of court. The case last cited had proceeded much farther than the present one at the time when the motion to dismiss was made. In the present case, however, the defendant has been and still is under a temporary injunction granted on the plaintiffs' motion restraining the foreclosure of her mortgage; and the defendant's answer incorporates a cross-bill in which there are prayers that the complainants be ordered to return certain books of account which they are alleged to have taken from the hotel, to account for moneys received and disbursed there, since December 24, 1928, and to pay over to the defendant such sums as are found to have been diverted by the plaintiffs in fraud of the defendant's alleged rights. These prayers follow allegations in the bill which do not appear on their face to be frivolous or unfounded.

Whether the acceptance by the plaintiff of interlocutory relief in the form of a temporary injunction terminates his right to dismiss the suit, has not been decided so far as the authorities have come to my attention. I think it might well be held to do so. In Bank v. Rose, 1 Rich. Eq. (S. C.) 294, it was held that the filing of a cross-bill by the defendant had that effect; and such seems to have been the view of Judge Lacombe in Hat-Sweat Manufacturing Co. v. Waring (C. C.) 46 F. 87. It seems clear that to permit a plaintiff to dismiss the original bill and thereby evade the cross-bill, prejudices the defendant by depriving him of a right

which he had secured in the litigation, i. e. jurisdiction over the original plaintiff to try the claim asserted in the cross-bill.

It is not necessary in the present case to say whether the mere reference to the master, or the issue of the temporary injunction, or the mere filing of the cross-bill would be sufficient to terminate the plaintiffs' absolute right to dismiss the suit. It is sufficient to say, and I do say, that in the face of the three taken together the plaintiffs had no such right. The authorities are fully discussed in the cases to which I have referred, to which may be added, C. & A. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 712, 3 S. Ct. 594, 27 L. Ed. 1081; City of Detroit v. Detroit City Railway Co. (C. C.) 55 F. 569 (opinion by Taft, C. J.); and Greenville Banking & Trust Co. v. Selcow (C. C. A.) 25 F.(2d) 78.

It follows that the plaintiffs' motion to dismiss the bill must be denied.