# ABBOTTS'

# PRACTICE REPORTS.

## NEW-YORK.

### COCKLE a. UNDERWOOD.

*New York Superior Court: Special Term, September,* 1854.

DISCONTINUANCE.—COUNTER-CLAIM.

After a counter-claim has been set up, and is admitted of record, the plaintiff will not be allowed to discontinue as a matter of course.[*]

Special grounds must be shown in such case, in favor of an application for leave to discontinue.

Motion for leave to discontinue.

The answer to the complaint in this action denied the indebtedness alleged in the complaint, and also set up a counter-claim. It was served June 10, 1854. The plaintiff examined both of the defendants as witnesses, and then, on the 13th September following, no reply having been meanwhile put in, he served written notice of discontinuance of the action, tendering defendants' costs, which they refused to accept. He

---

[*] Upon an appeal to the General Term, this decision was unanimously affirmed. See also on this subject, Seaboard and Roanoke R. R. Co. a. Ward, post.

forthwith served an order to show cause why the action should not be discontinued on payment of defendants' costs.

*R. E. Mount*, for plaintiff.

*Wm. Bliss*, for defendants.

BOSWORTH, J.—This motion is made on the theory, that the plaintiff is entitled, on paying defendants' costs of the action, to such an order as he moves for, as a matter of course. Under the old system, a plaintiff could enter a rule, in the book of common rules, discontinuing the action on payment of costs. Such a rule, in an action at law, could be entered at any time before trial, without an application to the Court.— *Graham's Pr.*, 663–4.

In the Court of Chancery, the complainant might move to dismiss his own bill, with costs, as a matter of course, at any time before the decree. This is stated in the books of practice to be the rule.—1 *Barb. Ch. Pr.*, 228.

The practice of the Courts, as it existed when the Code took effect, consistent with the Code itself, is continued, subject to the power of the Courts to relax, modify or alter the same.— *Code*, § 469.

The plaintiff insists that the pre-existing practice, in relation to discontinuing actions, is consistent with the provisions of the Code, and that it has not been modified by any rule of the Supreme Court, or of this Court. The defendants on the other hand contend, that the practice allowing a plaintiff to dismiss his action before trial, as a matter of course, on payment of costs, is inconsistent with certain provisions of the Code.

Sections 149 and 150, allow a defendant to set up a counter-claim, and recover upon it; if admitted by failing to reply to it, or on proof of it, if it is controverted.—§§ 168 and 274.

If the action of the plaintiff arises on contract, the defendant may set up as a counter-claim, any cause of action arising on contract, whether the damages are liquidated or not. This could not have been done before the Code. The defendant may notice the action for trial, prove his claim when the cause is reached, or take judgment for it, if admitted by the plead-

ings.—§ 258. In this respect the practice, in suits at law, has been altered. The object of the Code seems to be, that a defendant sued on contract and having causes of action against the plaintiff, arising on contract, may litigate them in that action, and have a judgment, if entitled to it.

The costs of an independent action are avoided; one claim may be used to satisfy another, to the extent due upon it; the one having the larger claim may have a judgment for the excess; each party is made an actor and may bring the action to trial.

There would seem to be no reason for permitting a plaintiff to discontinue on the mere ground of his disinclination to proceed further in his action, especially when a counter-claim has been set up in the answer, and no reply has been made, and liberty to reply is not asked.

Cases may occur which would justify a court in making such an order. But such cases must present some grounds to justify the inference that the plaintiff would suffer some substantial prejudice if the order was not granted.

On the other hand, it is obvious that the granting of such an order might deprive a defendant of a substantial right. If a counter-claim should be outlawed, at the date of such an order, it would be manifestly unjust to grant it. Other cases readily suggest themselves in which it would be improper to grant such an order as a matter of course.

It is unnecessary to undertake to state any rule by which all applications may be determined.

It is sufficient to say, that after a counter-claim has been set up, and admitted of record, the court will not allow the plaintiff to discontinue his action, as a matter of course; special grounds must be shown in favor of the application; they must make a case, rendering such an inference proper, to prevent a plaintiff from being inequitably prejudiced in his rights or remedies, and which, at the same time, will not work any practical wrong to the defendant.

The motion must be denied.