FRANK LESLIE *v.* SARAH ANN LESLIE.

While the plaintiff in an action may generally discontinue the same as a matter of course and *ex-parte*, on the payment or tender of statutory costs, yet where the defendant has acquired some fixed right in the course of the action, which a discontinuance would impair or destroy, he cannot do so without the leave of the Court, and upon notice:

*Held,* therefore, that in an action for divorce the plaintiff cannot discontinue upon the payment or tender of costs without leave of the Court or complying with a previous order made in the action, requiring him to pay a fixed sum to the defendant as alimony and counsel fee.

APPEAL from an order vacating an order of discontinuance. The facts sufficiently appear in the opinion.

*John McKeon,* for appellant.

*Andrew Boardman,* for respondent.

BY THE COURT—VAN BRUNT, J.—This action was brought by a husband against his wife on charges of adultery, made by the plaintiff and denied by the defendant.

The defendant moved, *pendente lite,* for alimony and a counsel fee, and by order of the Court alimony at $50 a week from the commencement of the suit and a counsel fee of $500 were granted.

From this order the plaintiff appealed to the general term, and the order was affirmed thereat on the 18th day of May, 1869. The plaintiff, thereupon, on the 24th day of May, 1869, entered an order *ex-parte* of discontinuance and tendered costs. The defendant moved to vacate the last-mentioned order, which motion was granted and an order entered to that effect. This appeal is taken from the order vacating the order of discontinuance.

The only question necessary to consider upon this appeal, is whether the plaintiff has an absolute right to enter an order of discontinuance upon the payment or tender of statutory

costs alone, without complying with an existing order of the Court, made in the action, imposing upon him the obligation of paying to the defendant a fixed sum as alimony and a counsel fee.

The familiar practice of entering an *ex-parte* order of discontinuance upon the payment or tender of costs has received the sanction of the courts in cases where no other right than the right to costs has accrued to the defendant or adverse party. As the Court would always, under those circumstances, grant such an order, there is no objection to allowing the plaintiff to enter it *ex-parte*.

It is still, however, by leave and order of the *Court* that a plaintiff is allowed to discontinue.

Upon this appeal the respondent claims that the plaintiff can insist upon such an order as a matter of *right* only upon the condition of satisfying all the acquired rights of the adverse party in the action.

In the great majority of cases, the only right of a defendant in an action before judgment is the right to costs, but where a defendant has acquired a further right in the course of the action by the order of the Court, as an order or judgment made during the progress of the action directing the payment of money, as in this case, a different question is presented. It then may well be doubted whether the plaintiff can discontinue, and thus deprive a defendant of her rights under that order, without leave of the Court upon due notice.

In the case at bar, by the order granting alimony and counsel fee the defendant acquired a fixed right against the plaintiff and a discontinuance without complying with that order would prejudice the defendant and defeat that right, a result so material that it would seem unjust now to deny her the interposition of the court to save her vested rights from the effect of the action of the plaintiff.

All proceedings of any party to an action are under the control and supervision of the Court, from its commencement to its final termination. The Court has the power to impose such duties or obligations upon any party in the course of the action as justice and the practice of the Court may require, and

it will not permit a plaintiff upon whom such an obligation has been imposed to depart from such control without complying with the requirements of its orders in that respect, except upon its own consent upon notice.

In such a case, the plaintiff should make application for special leave to discontinue, and it should appear on that application that such discontinuance would "work no practical wrong to the defendant." (*Cockle* v. *Underwood*, 1 Abb. Pr. 1; *Seaboard & Roanoke R. R.* v. *Ward*, 1 Abb. Pr. 46.) It would then be the right and duty of the Court, before giving its consent to a discontinuance, to see that the defendant suffered in no substantial right by the plaintiff leaving the Court.

The rule has been well stated by Daniells in his Chancery Practice, and was commented upon at the special term with approval,—"that where there has been *any proceeding* in the case which has given the defendant a right against the plaintiff, the plaintiff cannot dismiss his bill, of course" (Daniells' Ch. Pr. p. 731, 5th London ed.)

All the English decisions so elaborately cited by the counsel for the plaintiff are not inconsistent with that rule and within its spirit. The same principle has also been repeatedly recognized in American cases.

While the general rule here undoubtedly is that the plaintiff has a right to discontinue his action, as a matter of course, on the payment or tender of costs, yet the Court recognizes the same exception mentioned by Daniells, that where from the state of the pleadings, or the proceedings in the cause, the adverse party has acquired some fixed or substantial right in the course of the action which a discontinuance would impair or destroy, such circumstance controls that right, and the plaintiff is no longer entitled to enter his order of discontinuance, as of course, upon the payment or tender of costs only, and without leave granted upon due notice. (*Cockle* v. *Underwood*, *supra;* *Cooke* v. *Beach*, 25 How. Pr. 358.) Indeed we can find no case where a plaintiff has been allowed to discontinue his suit upon payment of costs merely, where an adverse party has acquired any absolute right in the action which will be destroyed or impaired by such discontinuance.

If the plaintiff in this action had a right to discontinue upon the tender or payment of costs alone, there would be no objection to the mode of discontinuance by an *ex-parte* motion or an *ex-parte* order entered with the clerk, but from the view we have taken it is evident that he had no such right. Such an order would affect a substantial right already vested in the defendant by an order of the Court, and operate not only to impair but actually to defeat that right. It is therefore manifestly improper that the plaintiff should be permitted to destroy the defendant's vested right to the alimony and counsel fee granted by the Court, and thus practically nullify an order of the Court made in his own suit, and after he had voluntarily subjected himself to its jurisdiction and control.

The order appealed from must be affirmed with costs.

Order affirmed.