## AXIOM MIN. CO. V. LITTLE.

1. While it is generally true that a plaintiff has a right to discontinue his action, he ought not to be allowed to do so unconditionally, where to so discontinue would manifestly work a serious wrong to defendant.

2. In an action by plaintiff to quiet its title to certain mining property, the complaint, after averring plaintiff's ownership, alleged that defendant claimed and was asserting interest in and ownership of the same property to plaintiff's injury. The defendant answered, denying plaintiff's ownership, and setting up the facts under and by which he (defendant) claimed to have acquired title, upon which he asked to have the

title quieted in himself. With the action so pending, plaintiff moved to dismiss. Defendant opposed on a showing that plaintiff had entered said mining property for patent, against which he had filed protest; that by rule of United States land office such patent could not issue without a clerk's certificate; that there was no action pending involving the title thereto, that he (defendant) had not brought such suit on his part because of the pendency of plaintiff's suit, in answer to which he had affirmatively set up the very same facts he would have pleaded, if he had brought another and independent action; and, further, that the time within which he could bring such action had expired, so that, . if plaintiff should be allowed to discontinue his action, and with it defendant's affirmative defense or counterclaim, if it be such, there would be no longer any action pending involving title to the premises, and the bar to the issuance of the patent to plaintiff would thus be removed, to defendant's great injury. Held, that it was error to allow plaintiff to unconditionally discontinue his said action.

(Syllabus by the Court.    Opinion filed Dec. 29, 1894.)

Appeal from circuit court, Lawrence county. Hon. CHAS. M. THOMAS, Judge.

Action by the Axiom Mining Company, a corporation, against John Little, to quiet title to certain mining property in plaintiff. Defendant filed an affirmative answer, asking that title be quieted in him, whereupon plaintiff moved to dismiss the action. From an order granting this motion, defendant appeals. Reversed.

The facts are stated in the opinion.

*Joseph B. Moore,* for appellant.

*Frawley & Laffey,* for respondents.

The plaintiff may voluntarily dismiss his action at any time before trial if no counterclaim or cross complaint is made. Hancock v. Bradford, 13 Cal. 637; Moyle v. Porter, 51 Cal. 639; James v. Centev. 53 Cal. 31; Thompson v. Spraig, 66 Cal. 350; McLeod v. Bertschy, 33 Wis. 176; Ganst v. Near, 4 Wis. 320; Young v. Bush 36 How. Pr. 241; Seaboard v. Ward, 1 Abb. 49; Cook v. Beech, 25 How. Pr. 359; Keene v. LaFargo, 16 How. Pr. 377; Beell v. Powell, 13 Barb. 183. A counterclaim must be separately stated and denominated as such in the answer in order to be affective as such. Doyle v. Franklin, 40 Cal. 110;

Brannan v. Patty, 58 Cal. 330; Carpenter v. Heurl, 67 Cal. 589; Clough v. Murray, 19 Abb. 97; Bates v. Rosencranz, 37 N. Y. 409; Burel v. DeGroot, 5 Duer 382; Equitable v. Cuyler, 75 N. Y. 511; Acev v. Hodchkiss, 97 N. Y. 408.   The answer in order to constitute a counterclaim must allege facts sufficient to predicate a cause of action in favor of  defendant and against plaintiff.   McKenney v. Stubdback, 52 N. W. 322; 15 A. and Eng. Enc. Law, 549; Wulf v. Mannel, 23 Pac. 742; North v. Orient, 1 Fed. 536; Jupeter v. Codie, 11 Fed. 666; Slavonian v. Parasich, 7 Fed. 331; Belcher v. Deferrari, 62 Cal. 160; Russell v. Brosseon, 65 Cal. 605; McGinnis v. Egbert, 8 Cal. 41; Morenault v. Wilson, 52 Cal. 263; Reushaw v. Switzer, 13 Pac. 127; Dutch v. Mooney, 12 Cal. 534; Coleman v. Clement, 23 Cal. 245.

Kellam, J.   The Axiom Mining Company, a corporation, brought this action against appellant, Little, as defendant, for the purpose of quieting its title to two certain mineral locations as against the claim of the said Little.  The complaint contained two counts or causes of action, alleging severally as to each claim or location that the plaintiff was the owner thereof, and that the defendant claimed without right  or justification an estate or interest in each, and that by reason of such unfounded claim the plaintiff was greatly injured and embarrassed in the use and enjoyment of  his property, and that by reason of such false and unfounded claim of defendant its property was greatly depreciated in value.   The complaint concluded with the following prayer for judgment:   ''First, that the defendant may be required to set forth the nature of his respective claims, and that all adverse claims be determined by the decree of this court; second, that by such decree it be decreed and adjudged that the defendant has no interest or claim or estate or right to the possession of the aforesaid described premises, or any part or portion thereof, and that the title of the plaintiff to said aforesaid described mining claims and to said premises be adjudged, as against the defendant, to be valid and good, and

that the plaintiff is, as against this defendant, entitled to the possession of each of the aforesaid mining claims, and every part and portion thereof; third, for such other and further relief as may be just and equitable, and for costs." To this complaint the defendant answered, denying all the allegations of the complaint, except those alleging that defendant claimed an estate or interest in the lands described; and then set out affirmatively the abandonment of the said claims by plaintiff, and that defendant became and was the owner of the same by virtue of discovery and location after such abandonment by plaintiff, setting out in detail the several steps taken and the several acts done upon which he relied to establish such title in him. The acts so pleaded apparently comprise all that would by law be required of him to establish his claim upon unoccupied or abandoned land. The answer prayed the defendant might be adjudged to be the owner of and entitled to the possession and enjoyment of the premises, and that plaintiff be adjudged to have no right thereto or interest therein, and for such other relief as might be just and equitable. About eight months after the commencement of this action, and while it was thus pending upon the complaint and answer, the plaintiff upon affidavit and notice to defendant, applied to the court in which it was thus pending for an order allowing the same to be dismissed and discontinued. This motion was, upon counter affidavits, opposed by defendant. The motion was granted, and, from the order so granting this appeal is taken.

In opposition to plaintiff's motion to be allowed to dismiss, defendant introduced affidavits tending to show that after plaintiff filed its application in the land office at Rapid City, S. D., for a patent to the premises in controversy, defendant filed a protest against the issuance of the same; that the rules of practice of the United States land office required the certificate of the clerk of court that no suit was pending involving the title to any lands sought to be entered for patent; that because this action was pending, in which the plaintiff, in its complaint, as-

serted its claim to the premises in controversy, and this de-
fendant, by his answer, asserted his his claim thereto, each so
submitting the issue as to whose right was superior to the
court for adjudication, he did not, on his part, commence
another action, which would necessarily have presented the
same facts in his behalf as are stated in his answer, and the same
facts on behalf of plaintiff as were stated in his complaint; that
the time within which he could commence such action, and so
defeat or suspend the issuance of a patent to said plaintiff for
the premises in controversy had elapsed.  It thus appears that
so long as plaintiff's action was pending it could not be certified
to the land office that no action was pending involving the title
to these premises.  If, however, plaintiff is allowed to discon-
tinue his action, then no such action will be pending, and such
certificate could properly be made, and such bar to the
issuance of a patent to it be removed, to the prejudice of
defendant's alleged rights.  By both parties the case
is argued as though depending upon whether defendant's
answer sets up a counterclaim, and this would probably ordi-
narily be the test.  The rule, as we understand it, is that a
plaintiff cannot discontinue his action when to do so would man-
ifestly result in material injury to the defendant.  Such a case
is more likely to arise where the defendant pleads a counter-
claim, but the rule was not made for the special protection of
counterclaims.  The rule, and the reason for it, are broader
than this, and include any case where the court can plainly see
that to allow a plaintiff to discontinue his action would neces-
sarily work a serious wrong to the defendant.  In 5 Am. & Eng.
Enc. Law, p. 676, it is said:  "If the plaintiff finds that he can-
not maintain his action, he may discontinue it in most cases;
but not if such discontinuance would result in injury to the de-
fendant."  To support the text many cases are cited.  In Es-
tell's Ex'rs v. Franklin, 29 N. J. Law, 264, the court said:  "If
a discontinuance of the action  *  *  *  would prejudice the
defendant, he should not be subjected to it."  In Schmick v.

Noel, 64 Tex. 406, the court held that a "discontinuance may be refused by the district judge whenever it will operate to the prejudice of the party as to whom it is sought." Young v. Bush, 36 How. Pr. 240, will illustrate the power of the court to protect a defendant from wrong and injury by the discontinuance of his action by the plaintiff. The action was for the foreclosure of a mortgage. The defendant pleaded payment. The testimony was taken before a referee. Defendant fully established his defense of payment by one witness, who died soon after. After his death, plaintiff, upon payment or tender of costs, entered an order discontinuing his action. The court at special term, and on appeal at general term, held that he could not do so, as the effect would be to deprive the defendant of the benefit of the deceased witness' testimony, and thus do him a great wrong. The court said: "The right to discontinue may be disallowed, in the discretion of the court, or restricted, * * * upon equitable considerations." The same principle controlled in Bowe v. Insurance Co., 27 Hun. 312, where the sheriff was not allowed to discontinue to the prejudice of the debtor, the court saying: "To allow the sheriff's action to be discontinued after its prosecution for such a length of time as necessarily must have deprived the insured of his right of action would be unjust in the extreme." We do not see why the same language may not fairly be applied to this case. During all the 30 days following plaintiff's application for a patent this action was pending, in which this defendant was asserting his right to this property as against the plaintiff with the same vigor, for the same purpose, and with the same probable end in view, to wit, an adjudication of their counterclaims to this property, as though he were plaintiff in another action. There were in reality two suits pending before the same court, to be tried at the same time. In the one the plaintiff had the affirmative, and in the other the defendant had it. The defendant was in court upon the same errand as the plaintiff. He was an affirmative actor, and seeking affirmative relief. He was

brought there by the plaintiff, and not only invited, but required to assert his claim, and submit the same to the court. There seemed to be no occasion for another action, in which the issues would be plainly the same as in this; and in his affidavit defendant says that this was the very reason why he did not, within the 30 days allowed by law, commence an action in his own behalf. Under these circumstances we do not think the plaintiff should be allowed to discontinue his action, and thus cut off the defendant's opportunity of objecting to plaintiff's right to a patent, because, after such discontinuance, there would be no action pending involving the title to the property. In Conner v. Drake, 1 Ohio St. 166, it was held that "the propriety of permitting a complainant to dismiss his bill is a matter within the sound discretion of the court, which discretion is to be exercised with reference to the rights of both the parties, as well the defendant as the complainant." The same doctrine was announced in general terms by this court in Schaetzel v. City of Huron (S. D.) 60 N. W. 741, where, after recognizing the general right of a plaintiff to dismiss, we say: "If such dismissal would materially prejudice the rights of a party to the action, as in case of a counterclaim, a regard for the substantial rights of litigants, and a disposition to avoid a multiplicity of suits, suggests that an order granting a discontinuance of an action might with propriety be refused." We think this is a case in which the plaintiff ought not to be allowed to discontinue, without regard to the question of whether, strictly construed, the answer should or should not be held to plead a counterclaim. As before observed, the rule allowing or disallowing the right of a plaintiff to discontinue is not an inelastic or arbitrary one, applying only to counterclaims. It covers cases of counterclaims, not simply because they are counterclaims, but because they are within the principle or reason of the rule which refuses the right to discontinue where to do so would work a material injury to the defendant. Under the circumstances of this case, we think the court erred

to defendant's prejudice in allowing the plaintiff to discontinue his action, and the order appealed from is reversed. All the judges concur.