time to have avoided the injury by proper care.   Finding no error in the record, the judgment is affirmed.

KELLAM, J.   I concur in the affirmance·of this judgment reluctantly, for I am satisfied that the verdict of the jury was plainly against the weight of the evidence; and, upon the record before us, ought to have been the other way.   The question of the whistle call for brakes and the activity of the brakemen does not rest upon the evidence of the company's employes alone.   Two other witnesses, apparently entirely disinterested, and with unquestioned facilities for observation, testified to the call for brakes and the prompt response of the brakemen.   Against this was the testimony of two witnesses (one a boy 11 years old at the time) that, though looking at the train, and hearing the whistle, "no brakemen came out."   I cannot say with sufficient ·confidence to vote for a reversal that the court erred in not giving the defendant a verdict, though I think the jury ought.

---

## AXIOM MIN. CO. v. WHITE *et al.*

(Opinion filed April 13, 1895.)

Action by the Axiom Mining Company, a corporation, against A. J. White and Homer Allen, to quiet title to certain mining property.·  Defendants filed an affirmative answer, asking that title be quieted in them, whereupon plaintiff moved to dismiss the action.   From an order granting this motion, defendants appeal.   Reversed.

Appeal from circuit court, Lawrence county.   Hon. CHAS. M. THOMAS, Judge.

*Joseph B. Moore,* for appellants.

*Frawley & Laffey,* for respondent.

FULLER, J.   The questions of law and fact being identical, this case is ruled by Mining Co. v. Little, 6 S. D. 61 N. W. 441, and for the reasons therein specified the order appealed from is reversed.

---

## GRANGER V. ROLL *et al.*

1.  An order denying a new trial, made before judgment, is reviewable on an appeal from the judgment as an intermediate order, when the making of such order is assigned as error on the appeal from the judgment.

2.  In such case, if an appeal be taken from the judgment, and the making of the order on a motion for a new trial is assigned as error, no appeal from the order is necessary; and if an appeal from the order is taken in connection with the appeal from the judgment, it will be considered as surplusage and disregarded.

3.  The limitation of 60 days in which an appeal from an order may be taken, as provided by section 5216, Comp. Laws, has no application to an order denying a new trial made and determined before the entry of judgment, when an appeal is taken from the judgment, and the making of such order is assigned as error.

4.  A grantee in a deed made of property previously mortgaged, subject to the mortgage, does not become personally liable for the mortgage debt, in the absence of an agreement on the part of such grantee to assume the payment of the mortgage.

5.  Neither will the fact that the amount of the mortgage has been retained by the grantee out of the purchase price, in the absence of an agreement to pay the mortgage, render the grantee personally liable for the mortgage debt.

6.  Neither will the fact that the full value of the property is expressed in the deed as the consideration of the purchase render the grantee personally liable for the mortgage debt, in the absence of an agreement on the part of the grantee to pay the mortgage debt.

7.  To render the grantee of mortgaged property personally liable for such mortgage debt, it must be shown that such grantee has agreed to pay or has assumed the payment of the same.

8.  A wife who joins with her husband in the execution of a note and mortgage is personally liable for the mortgage debt in connection with the