## SUBERA v. JONES.

Under Rev. Code Civ. Pr. § 91, declaring that in case of the death of a party to an action surviving the action may be continued by his representatives, an action for the cancellation of a deed is properly continued on plaintiff's death by his executor, who is entitled to the possession of decedent's real property until the estate is delivered over by order of court to the devisees.

Under Rev. Code Civ. Proc. § 82, authorizing an executor to sue
without joining the person for whose benefit the action is prosecuted,
and Rev. Prob. Code, §§ 147, 242, and 243, requiring the executor to
take into his possession all the estate of the decedent, and that for the
purpose of bringing suits to quiet title his possession in the possession
of the devisees, and that actions for the recovery of any real property
may be maintained by the executor, etc., an action for the cancellation
of a deed may be continued on plaintiff's death by his executor without
joining the devisees as parties, and their rights are fully protected by
an order allowing them to intervene at any time prior to final judg-
ment.

Where a defendant, whose title was attacked, asserted ownership
in fee and demanded a decree adjudging him to be the sole owner, the
court did not abuse its discretion by denying a motion of plaintiff to
discontinue the action.

The sufficiency of the evidence to sustain a finding cannot be re-
viewed in the absence of an appeal from an order denying a new trial.

In an action to cancel a conveyance, the court denied plaintiff's
motion for a dismissal, and found in favor of defendant on his plea of
ownership in fee and a demand for a decree confirming his title. The
judgment embraced only a part of the land in controversy. **Held,** that
plaintiff could not complain of the failure of the court to determine the
title of all the premises; for, as to the land concerning which no deci-
sion was made, it stands as if the action to it had been dismissed.

(Opinion filed, June 13, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. E. G.
SMITH, Judge.

Action by Wilson S. Jones against Isaac S. Jones, prosecuted
on the death of plaintiff by H. W. Subera, as executor of plaintiff.
From a judgment for defendant, plaintiff appeals. Affirmed.

*Hosmer H. Keith, Joe Kirby,* and *Davis, Lyon & Gates,* for ap-
pellant. *Kittredge, Winans & Scott* and *Boyce & Warren,* for re-
spondent.

HANEY, J. This action was instituted by Wilson S. Jones,
since deceased, to cancel certain conveyances on grounds not ma-
terial on this appeal. Defendant admitted the plaintiff's former
ownership and the execution of the alleged conveyances, denied all
other allegations of the complaint, and prayed a decree adjudging
him to be the sole, absolute, and unqualified owner of the real prop-
erty in controversy. When the case was called for trial, after sub-
stitution of decedent's executor, the plaintiff applied for a contin-
uance for the purpose of bringing in Louis and Ezma Jones, the

son and daughter and residuary legatees of the original plaintiff, on the ground that the rights of all parties interested in the subject-matter of the action could not be determined in the absence of such residuary legatees. Upon this application the court ruled as fol-lows: "The court will permit the heirs themselves, who are named, to become parties to this action upon their own application, at any time prior to final judgment in this action, and will try any issues necessary to determine their rights. But the application on the part of the executor at this time is denied." Then the plaintiff moved for a dismissal without prejudice, at the plaintiff's costs, which he offered to pay to the defendant. This motion was denied, plaintiff declined to proceed, evidence was introduced by the defendant against the plaintiff's objections, and the court rendered its deci-sion, finding the facts to be as follows: "(1) The court finds that on the 14th day of December, A. D. 1897, one Wilson S. Jones was the owner in fee of the following described premises lying and being in the county of Minnehaha and state of South Dakota, to-wit: * * * (2) That thereafter the said Wilson S. Jones, by war-ranty deeds, conveyed said premises to the defendant, Isaac S. Jones, which said deeds were duly acknowledged so as to be en-titled to be recorded, and each of said deeds was thereafter duly filed for record and recorded in the office of the register of deeds in Minnehaha county, South Dakota, and that the said defendant, Isaac S. Jones, ever since said date has been and now is the owner in fee of said premises and each and every part thereof. (3) That the plaintiff has failed to substantiate the material averments of his complaint by proof." From the facts so found it was concluded, as matters of law: "(1) That the defendant is the absolute and unconditional owner in fee simple of said premises and the whole thereof. (2) That the plaintiff and all those who claim by, through, or under him have no right, title or interest in, of, or to, the prop-erty described in the findings herein or any part thereof. (3) That the defendant is entitled to a judgment herein dismissing the plain-tiff's complaint with costs and adjudging the defendant to be the owner in fee simple absolute of said lands and premises in the fore-going findings described, and the whole thereof." And from the judgment accordingly entered this appeal was taken.

The original plaintiff having died, it was proper to allow the action to be continued by his representatives or successors in interest. Rev. Code Civ. Proc. § 91. An executor is entitled to possession of his decedent's real property until the estate is settled or delivered over by order of the county court to the heirs or devisees. Heirs or devisees may themselves, or jointly with the executor, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same against any one except the executor. "The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this title. Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates." Rev. Prob. Code, §§ 147, 242, 243. An executor may sue without joining the person for whose benefit the action is prosecuted. Rev. Code Civ. Proc. § 82. Construing these provisions together, it clearly appears that these residuary legatees were not necessary parties, and that their rights were fully protected by the order allowing them to intervene if they so desired.

While it is generally true that the plaintiff has a right to discontinue his action, he ought not to be allowed to do so unconditionally, where to so discontinue would manifestly work a serious wrong to the defendant. The propriety of permitting a dismissal in the case at bar was a matter within the sound discretion of the trial court, which discretion was to be exercised with reference to the rights of both the plaintiff and defendant. Axiom Min. Co. v. Little, 6 S. D. 438, 61 N. W. 441. It is only "in the absence of a counterclaim or demand for affirmative relief" that the plain-

tiff is entitled, if ever, to a dismissal as a matter of right. Here was a case where defendant's title was attacked, where he asserted ownership in fee, where he demanded a decree confirming his title, and where he was entitled to a decree adjudging him to be the sole and absolute owner of the premises. If the plaintiff was not prepared for trial, he should have disclosed his reasons for delay by an application for a continuance. There certainly was no abuse of discretion on the part of the learned circuit court in denying the motion to dismiss. The sufficiency of the evidence to sustain the findings cannot be questioned in the absence of an appeal from an order denying a new trial. Stephen v. Faus, 20 S. D. 367, 106 N. W. 56, and cases cited.

Finally, it is contended that the judgment should be reversed because the court failed to find upon all the issues. As we understand the record, the complaint embraced certain city lots not alluded to in the decision or judgment. As to such lots the record affirmatively shows no decision was rendered, and they stand as if the action as to them had been dismissed, which is precisely what the plaintiff desired should be done with respect to all the property in controversy. As to the lots there was no adjudication, no rights determined, and the plaintiff has no cause to complain.

The judgment of the circuit court is affirmed.