COLBURN, Appellant, v. LATHAM et al., Respondents.

(143 N. W. 278.)

**Executors and Administrators—Foreign Administrator—Action Involving Title to Realty—Interest of Foreign Administrator.**

As Code Civ. Proc., Sec. 678, requires that one maintaining suit to determine adverse claims to realty, must have an interest in the realty, and as Prob. Code, Sec. 252, vesting in an administrator an interest in the estate being administered upon, applies only to a domestic administrator, a foreign administrator, appointed under the laws of another state, cannot maintain such an action involving realty in this state, under Sec. 253, providing that a foreign administrator may maintain

an action in this state in like manner and under the same restrictions as are applicable to non-residents; the question being, not one of capacity to sue, but whether the administrator has sufficient interest in the subject-matter to enable him to maintain the action.

(Opinion filed October 6, 1913.)

Appeal from Circuit Court, Faulk County. Hon. J. H. BOTTUM, Judge.

Action by G. Clement Colburn, administrator of George D. Colburn, deceased, against D. H. Latham and another, to quiet title. From a judgment for defendant, plaintiff appeals. Affirmed.

*Sterling & Clark,* for Appellant.

Plaintiff had a right to maintain this action in his representative capacity under his appointment as administrator of the estate of George D. Colburn by the New Hampshire courts. Section 253, Probate Code; Germantown Trust Co. v. Whitney, (S. D.) 102 N. W. 304.

Section 253, Probate Code, should be read in connection with section 242, Probate Code. Under this section, real property of the decedent is considered an asset of the estate and subject to the control of the administrator, and if necessary, the administrator may maintain an action to recover possession of such real property or to remove any cloud upon the title thereof. Berry v. Haward et al., 127 N. W. 526; Blackmore v. Roberts, 96 N. W. 1029; Meeks v. Hahn, 20 Cal. 620; Pennie v. Hildreth, 81 Cal. 127, 22 Pac. 398.

*D. H. Latham,* for Respondent.

Plaintiff has no right to maintain this action. Church on Probate Law, 1st Vol., 1045, 1046 and 1070; Price v. Ward, 58 Pac. Rep. 849-957 (Nev.); Fairchild v. Hagle, (Ark.) 14 S. D. 1102; Johnson v. Powers, 139 U. S. 160; Faulk v. Terry, 75 Pacific, 425, (Colo.); Burton v. Williams, 88 N. W. 765-766, (Neb.); 11 Pac. 833 (Cal.); Braithwaite v. Harvey, 36 Pac. 38 (Mont.), 2 L. R. A. 828; Cutler v. Davenport, 11 Am. Dec. 149; Pott v. Pennington, 16 Minn. 509 (Gill. 460); Pritchard v. Henderson, 47 Atl. Rep. 376-378; Black on Judgments, 2nd Vol., Sec. 922; Rosenthal v. Renick, 44 Ill. 203; Emmars v. Gordon, 41 S. W. Rep. 998.

The sections of the Probate Code cited by appellant in regard

to assets and possession by the administrator only relate to administrators appointed in this state.

POLLEY, J. The plaintiff, who had been appointed administrator of the estate of a deceased person by a probate court, in the state of New Hampshire, brings this action on behalf of the estate, for the purpose of quieting the title to a quarter section of land in Faulk county. The case was tried to the court, where findings of fact and conclusions of law were made. Decree was entered dismissing the action, at plaintiff's cost, for the reason, as stated in the decree, that the plaintiff, "being only a foreign administrator, * * * has no cause of action for, and has no estate or interest in or title to, the real estate involved in this action."

Plaintiff bases his right to maintain the action on the provisions of sections 242 and 253 of the Probate Code. These sections, so far as applicable, read as follows:

"Sec. 242. The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decendent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this title.

"Sec. 253. An executor or administrator duly appointed in any other state or country may commence, prosecute or defend actions in any court in this state in his capacity of executor or administrator in like manner and under the same restrictions as are applicable to nonresidents. * * *"

It has been held by this court that, under the provisions of section 675, Code Civ. Proc., an executor or administrator appointed in this state, in his capacity as such, may maintain an action to determine adverse claims against the real property belonging to the estate he is administering. This right, however, is based upon the ground that section 242, above quoted, vests in such executor or administrator an interest in such real property. Berry v. Howard et al., 26 S. D. 29, 127 N. W. 526, Ann. Cas. 1913A, 994. See, also, Blakemore et al. v. Roberts, 12 N. D. 394, 96 N. W. 1029.

It has also been held by this court that a foreign administrator, by virtue of the provisions of section 253, Probate Code, has capacity to maintain an action. in the courts of this state. Germantown Trust Co. v. Whitney, 19 S. D. 108, 102 N. W. 304. But these cases have no application to a case where a foreign administrator, in his capacity as such, undertakes to maintain an action involving the title to real property in this state. The question involved in this case is not a question of capacity to sue, but a question of sufficient interest in the subject-matter to enable the plaintiff to maintain the action. The interest of an executor or administrator in the real property belonging to the estate which he is administering is vested by the provisions of section 242 of the Probate Code; but this section could not have, and does not purport to have, any extraterritorial force; it merely lays down a rule of conduct relative to certain duties imposed upon an executor or administrator appointed in this state; it is mandatory in its terms, an can only apply to executors and administrators appointed by virtue of the provisions of our Probate Code. Johnson v. Powers, 139 U. S. 160, 11 Sup. Ct. 525, 35 L. Ed. 112. This being the case, it could not vest in an executor or administrator appointed in some other state such an interest in real property situated in this state as would authorize him to maintain an action under the provisions of section 675, Code Civ. Proc.

The conclusion of the trial court is correct, and the judgment appealed from is affirmed.