KOCH, et al, Respondents, v. CHICAGO NAT. LIFE INSUR-
ANCE CO., et al, Appellants.

(219 N. W. 478.)

(File No. 6087. Opinion filed May 19, 1928.)

*Corrigan & Walton,* of Aberdeen, and *Heyl & Heyl,* of Peo-
ria, Ill., for Respondents.

*Campbell & Fletcher,* of Aberdeen, and *Lee D. Mathias,* of
Chicago, Ill., for Appellants.

BROWN, J.   In this action to determine adverse claims and
quiet title to 320 acres of land in Spink county, decision and judg-
ment were in favor of plaintiffs.   Appellant Chicago National Life
Insurance Company claims to have a mortgage for $12,000 on the
land, given to defendant, the Chicago National Underwriters'
Company, and by it transferred to appellant.   Plaintiffs claim that
this mortgage was obtained by false and fraudulent representations
from William Koch, deceased.   The fraudulent representations
were claimed to have been made by W. M. Gaskill and Charles W.
Neitz, who, as stock-selling agents for the underwriters' company,
obtained the mortgage in payment for stock in the life insurance
company.   Lydia A. Koch, Emma B. Estepp, formerly Emma B.
Koch, and Clara M. Koch, plaintiffs, all testified to the alleged

fraudulent representations. Defendants produced Gaskill and Neitz as witnesses, and offered to show by them that no such representations were made as were testified to by plaintiffs' witnesses, but such offered testimony was excluded on the objection of plaintiffs that Gaskill and Neitz were incompetent to testify under the provisions of subdivision 2, section 2717, Revised Code of 1919. So far as material to this action this subdivision provides that in civil actions or proceedings by or against executors, heirs at law, or next of kin, in which judgment may be rendered for or against them, no person who has ever had any interest in the subject of the action adverse to the other party or to his testator shall be allowed to testify against such other party as to any transaction whatever with, or statement by, the testator, unless called to testify thereto by the opposite party.

The undisputed evidence shows that Gaskill was employed by the underwriters' company to sell stock in the life insurance company for a commission of 15 per cent on the stock sold, and that Gaskill employed Neitz to assist him in making sales and divided the commission with him. This commission was payable in cash on all sales accepted by the company. Respondents contend that this arrangement gave Gaskill and Neitz an interest in the subject of the action, contending that the mortgage is the subject of the present action. We do not think it necessary to determine whether the mortgage, or the land, or the title to the land, is the subject of the present action. Neither Gaskill nor Neitz was ever interested in any of these things. They clearly had no interest in the land or in the title to the land, neither did they have any interest in the mortgage. Their compensation was not an interest to the extent of 15 per cent in the mortgage, but it was 15 per cent in cash, and they had no interest whatever in the mortgage at any time. Respondents quote at great length from a number of decisions by the Supreme Court of Illinois, but, if their statement of the substance of the statute of Illinois is correct, these decisions can be of no aid whatever to us in this case. The statute of Illinois, as stated in respondents' brief, bars the testimony of any person "directly interested in the *event* of the action." Under such a statute it might well be that, if it is proved in this case that these agents effected the sale of stock to William Koch by fraudulent representations, they would be liable to refund to defendants the amount of com-

mission that had been paid to them and to make good any other damage that their principal had sustained by reason of their fraudulent representations, and that thus they were directly interested in the event of this action. But our statute does not disqualify as a witness a person interested in the event of the action, but only such as have or have had an interest in the subject of the action.

Interest in the result of the litigation or in the event of the action is not interest in the *subject of the action,* and it is only interest of the latter kind that disqualifies under the statute of this state. The court erred in excluding the testimony offered, and the judment appealed from must be reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL,JJ., concur.