KOCH, et al, Respondents, v. CHICAGO NATL. LIFE INSURANCE CO., et al, Appellants.

(241 N. W. 617.)

(File No. 7145. Opinion filed March 22, 1932.)

*Fletcher '&' Fletcher,* of Aberdeen, and *Lee D. Mathias,* of Chicago, Ill., for Appellants.

*Corrigan & Walton,* of Aberdeen, and *Clarence W. Heyl,* of Peoria, Ill. (*Heyl & Heyl,* of Peoria, Ill., of counsel), for Respondents.

MISER, C. For opinion on former appeal, see 52 S. D. 601, 219 N. W. 478. William Koch, a resident of Illinois, died testate on July 11, 1922. Real estate in South Dakota was devised to his children, respondents Louis F., Walter C., Emma B., and Clara M., subject to a life estate devised to his widow, respondent Lydia A. Letters testamentary were issued on September 22, 1922, to Louis F. Koch, executor, by the Illinois probate court having jurisdiction. In May, 1923, respondent devisees and executor brought this action to quiet title, as owners, naming as defendants appellant, Chicago National Life Insurance Company, the Chicago National Underwriters' Company, and others as permitted by section 2846, Rev. Code 1919. Appellant insurance company answered alleging that on February 18, 1922, William Koch and wife executed a mortgage on the premises to the underwriters' company to secure the payment of his promissory note of $12,000, payable to the underwriters' company, dated on that day, which mortgage was thereafter duly assigned to the insurance company, the present owner and holder thereof. The insurance company further alleged that Louis F. Koch, as executor, had theretofore

brought an action in damages for alleged wrongful acts of the defendant in the sale of certain capital stock in appellant corporation, in payment for which the mortgage and the note thereby secured were executed, and that the said action for damages was still pending in the Illinois courts, thereby constituting an election of remedies estopping plaintiffs from demanding rescission of the contract. Respondents alleged in reply that the mortgage and note referred to in appellants' answer were obtained by the fraud and deceit of the agents of the insurance company and of the underwriters' company.

The trial court found that on February 18, 1922, the agents of the insurance company and of the underwriters' company falsely represented to William Koch as follows: That the insurance company had paid a dividend of 16 per cent; that its stock of a stated par value of $10 per share, had a market value on that date of $30 per share; that February 18, 1922, was the last date on which Koch could purchase the stock at $30 per share; that, if he would purchase 400 shares at $30 per share, he would receive within one year from that date a dividend, already declared, of about $2,400; that said declared dividend would take care of the interest on the note to be given, and which was given, in payment of said stock and leave him a net income of approximately $1,700. It also found that William Koch did not discover the fraud during his lifetime and plaintiffs did not discover the fraud until February 18, 1923, when they discovered that the said life insurance company had never paid a dividend and had no profits from which to pay any dividend; that on May 3, 1923, Louis F. Koch, as executor of the will of William Koch, but without having first obtained an order from the county court of McLean county, Ill., by which he was appointed executor, and without any authority from the heirs at law and devisees of William Koch, had begun an action in the circuit court of Peoria county, Ill., in his own name as executor of the last will and testament of William Koch, deceased, against the underwriters' company, the insurance company, and the two agents of the insurance company and of the underwriters' company who sold the stock, for damages for the fraud aforesaid.

The court concluded on these and other appropriate findings that the insurance company had no interest in or incumbrance upon the premises and that the certificates of capital stock in the insur-

ance company, theretofore delivered by plaintiffs to the clerk of courts, should be surrendered to the insurance company, and that the insurance company should be required to cancel the note and mortgage. The court also concluded that the action or proceeding brought by the executor in Illinois was not a bar to the right of plaintiffs in this suit to prosecute this quieting title action. Judgment was entered accordingly. From this judgment and from the order denying the life insurance company's motion for a new trial, the insurance company appeals.

Appellant contends that this action is only nominally an action to determine adverse claims to real property; that it is actually an action to rescind a contract of sale of personal property, the capital stock of the. Insurance Company, and that the personal representative, the executor, and not the heirs, was the proper party to bring such an action; that the executor had theretofore commenced an action in Illinois, not of rescission, but for damages; that he had thereby elected the remedy, and, having thus affirmed the contract, he cannot in this action repudiate it.

The respondent devisees, owners of this South Dakota land, had the right to bring this action to quiet title. Subera v. Jones, 20 S. D. 628, 108 N. W. 26. In such an action appellant as the owner of the mortgage against the land was a proper party defendant. Section 2846, Rev. Code 1919. The Illinois executor, in his capacity as such, could not maintain a suit to quiet title to the South Dakota land. Colburn v. Latham, 32 S. D. 310, 143 N. W. 278. Whether or not he was a proper party to that suit, he was not a necessary party plaintiff. As between respondent devisees and appellant lienee, the trial court could determine, as it did, whether the mortgage was a valid lien. The devisees could maintain such a suit unless estopped by the pendency of the damage suit in the Illinois court.

An election of remedies presumes a choice of remedies. Hormel Co. v. First Nat. Bank, 171 Minn. 65, 212 N. W. 738; 9 R. C. L. 956; 20 C. J. 8. The Circuit Court of Appeals, Eighth Circuit, in Henderson Tire & Rubber Co. v. Gregory, 16 F. (2d) 589, 49 A..L. R. 1503, says: "The doctrine of election of remedies, though critisized as a harsh one and not a favorite in equity (Friedricksen [Friederichsen] v. Renard, 247 U. S. 207, 38 S.. Ct. 450, 62 L. Ed. 1075) is widely recognized both in federal and state

courts (citing many cases). * * * From the authorities cited there may be deduced the following conclusions: (1) The essential elements of the doctrine are (a) the existence of the two remedies; (b) the inconsistency between the remedies; (c) the choice of one of the remedies. (2) If any one of these elements is absent, the result of preclusion does not follow. (3) The pursuit of a supposed, but non-existent, remedy does not constitute an election."

Here, assuming his authority to bring the damage suit in Illinois, the foreign executor could not maintain the quieting title action in South Dakota. The Illinois court has held that Lydia A. Koch, originally joined as party plaintiff, had no right of action in the damage suit begun in Illinois. Accordingly in the damage suit, in which motion to dismiss is pending, the executor in the only party plaintiff. Therefore there has been no election of remedies by any one who had any choice to exercise.

Moreover the trial court found in the present action, on sufficient evidence, that the Illinois action had been begun by the executor without authority either from the county court which appointed him or from the devisees. Assuming, though not deciding, that Lydia A. and Louis F. might otherwise be estopped by an implied assent to the bringing of the damage action by Louis F., as executor, there remain three devisees, plaintiffs herein, who are not so estopped, nor at all, from having this fraudulent mortgage canceled. Assuming, contrary to the fact found, that the executor had been authorized by the county court of Illinois to bring the damage action, appellant will not be harmed by the sustaining of the judgment herein, for it may be pleaded and proven in the Illinois action as an adjudication of the controversy. People v. Harrison, 253 Ill. 625, 628, 97 N. E. 1092, Ann. Cas. 1913A, 539; 20 C. J. 44, 34 C. J. 882. Under all the circumstances of this case it would be subversive of the purposes of the doctrine of election of remedies to deny respondent devisees the relief they sought and obtained.

The judgment and order appealed from must be, and they are, affirmed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
CAMPBELL, P. J., concurs in the result.
POLLEY, J., not sitting.